CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:     kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC, et al.,<br><br>    Plaintiffs,<br><br> vs.<br><br>DOE 1 et al.,<br><br>    Defendants. | **Case No.: 1:19-cv-169-LEK-KJM**<br>(Copyright)<br><br>PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [DOC. #32] DENYING PLAINTIFFS' UNOPPOSED EX PARTE MOTION FOR LEAVE TO REQUEST ISSUANCE OF ORDER GRANTING LETTERS OF REQUEST PRIOR TO A RULE 26(f) CONFERENCE [DOC. #27]; DECLARATION OF COUNSEL; EXHIBITS "1" AND "2"; |

PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' UNOPPOSED EX PARTE MOTION FOR LEAVE TO REQUEST ISSUANCE OF ORDER GRANTING LETTERS OF REQUEST PRIOR TO A <u>RULE 26(f) CONFERENCE [DOC. #27]</u>

I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs move this honorable court for Reconsideration of the Order [Doc. #32] Denying Plaintiffs' *Ex Parte* Motion for Leave to Request Issuance of Order

20-015 19-169

Granting Leave to Request Letters of Request prior to a Rule 26(f) Conference [Doc. #27] (hereafter: "Order" and "Motion"). The basis for this request is: (1) discovery of new material facts not previously available; and (2) the Court's decision was respectfully based on manifest error of law and fact.

Plaintiffs' counsel understands the Court's concerns with issuing letters of requests to foreign tribunals. *See* Order at pg. 17. However, as explained below, information Plaintiffs obtained subsequent to the filing of the Motion shows that the Defendants DOE 1 and DOE 2 ("Defendants") make extensive use of resources in the United States to operate not only the YIFY and YTS websites, but of some of the biggest piracy sites in the world. Without the assistance of foreign tribunals, Defendants will continue to pirate Plaintiffs' motion pictures worldwide.

A.  Newly Discovered Material Facts with regards to Defendant DOE 1

Plaintiffs' Motion was filed on May 10, 2019. Subsequent to the filing of the Motion, Plaintiffs obtained information indicating that Defendant DOE 1 is Nguyen Manh ("Manh"), a Vietnamese national. *See* Decl. of Counsel at ¶6, Exhibit "1". Manh used the content delivery network ("CDN") services of the California company Cloudflare, Inc. ("Cloudflare") to deliver traffic from his YIFY website to Hawaii and thus the United States. *See* Decl. of Counsel at ¶2, Complaint at ¶¶12, 22, 31. By using the CDN service, Manh concealed the true Internet Protocol ("IP") address where his website was hosted, thus preventing

detection of his web host provider and ultimately him. *See Id.* at ¶22. Particularly, the CDN service makes publicly available records only show that the website was hosted at an IP address of Cloudflare. *Id.* On May 21, 2019, Plaintiff Venice PI, LLC received account information for the YIFY website from Cloudflare. *See* Decl. of Counsel at ¶2. The account information records show the true IP addresses at where Manh's website is hosted. *Id.* at ¶5. Further, the account information also showed that Manh used the Cloudflare service to host the movie piracy websites: 9movies.is; 123movies.is; fmoviesfree.is; gomoviesfree.is; watchasap.is; and yesmovies.to. *Id.* at ¶4. The websites 123movies.is and fmoviesfree.is were noted by the Office of the United States Trade Representative ("USTR") as examples of Notorious Markets defined as an online marketplace reportedly engaged in and facilitating substantial piracy. *See* USTR, *2018 Out-of-Cycle Review of Notorious Markets*, April 2019, pgs. 2, 4, 18, Available at https://ustr.gov/sites/default/files/2018_Notorious_Markets_List.pdf [accessed on June 13, 2019].

The IP addresses from where Manh's YIFY website was hosted until at least April of 2019 belongs to the New Jersey company Choopa LLC dba Vultr ("Choopa"). *See* Decl. of Counsel at ¶5. On May 23, 2019, Bodyguard Production, Inc. received the account information from Choopa for these true IP addresses. *See Id.* at ¶6. The account information showed a name of "Nguyen

Manh" and an email address, but no phone, address or city. *See* Exhibit "1". If an address had been included, Plaintiffs would have of course promptly withdrawn the Motion with respect to Defendant DOE 1. *See* Decl. of Counsel at ¶7.

| | |
|---|---|
| Account Information - Generated 2019-05-23 | All times are US Eastern |
| Account ID | 1462099 |
| Name | Nguyen Manh |
| Phone | |
| Email | justyousmileme@gmail.com |
| Address | |
| City | |
| Country | Viet Nam |
| Account Created | 2016-06-17 12:26:34 |
| Account Closed | n/a (Current Subscriber) |

The account information from Choopa shows that Manh uses the email address of the California company Google, Inc. to communicate with Choopa and the California company PayPal Holdings, Inc. to make payments to Choopa for the website hosting services. *See* Exhibit "1" at pgs. 3-6.

On May 23, 2019, Plaintiffs' counsel sent an email to Manh offering to settle this matter if he would agree to cease all movie piracy activities and pay damages. Manh never replied to Plaintiffs' counsel. *See* Decl. of Counsel at ¶8. *That very next day*, Manh deleted the piracy websites and suddenly placed the domains up for sale. Id. The domains were immediately purchased by a third party on May 24, 2019. *See* Id. at ¶9.

B.  New material facts with regards to Defendant DOE 2

20-015 19-169

From April 11, 2019 to May 23, 2019, an individual ("Mr. Segaran") holding himself as representing Defendant DOE 2 communicated with Plaintiffs' counsel from email address "segaran@tutanota.com".  *See* Id. at ¶12.  Mr. Segaran refused to provide identification information, sign a waiver of service or conduct a Rule 26(f) conference, but did make offers of settlement.  *See* Id. at ¶13.  Plaintiffs' counsel made clear to Mr. Segaran that a condition of a settlement would be removal of all of Plaintiffs' motion pictures from the YTS websites – a condition to which Mr. Segaran ultimately agreed.  *See* Id. at ¶¶13-14.  However, Plaintiffs' counsel received no further communications with Mr. Segaran after May 23, 2019.  *See* Id. at ¶15.  In the contrary, in early June Defendant DOE 2 begin redirecting the yts.ag website to its new website "yts.lt" and completely rebranded itself as YTS.LT.  *See* Id. at ¶¶16-19.  The new website yts.lt once again apparently allows users to download torrent files of Plaintiffs' motion pictures, but only if the user creates a YTS account and logs in.  Id.



Defendant DOE 2 also used Cloudflare to deliver the traffic from the YTS websites to Hawaii and thus the United States.  *See* Complaint [Doc. #1] at ¶¶12, 20-015 19-169

31.     On June 6, 2019, Plaintiff Bodyguard Productions, Inc. received account information for the YTS websites from Cloudflare showing the true IP addresses at where the YTS websites are hosted.  *See* Decl. of Counsel at ¶10.  Further, the account information also showed that Defendant DOE 2 used the Cloudflare service to host a plethora of other movie piracy websites such as piratetorrents.net, limetorrents.cc, yourbittorrent.com, rarbg.to, torrentbutler.eu, piratetorrents.net, thepiratebay.se.net, torrentz.eu, 1337x.to and extratorrent.cc which also provide torrent files for distributing copyright protected motion pictures.  Id. Defendant DOE 2's websites rarbg.to and thepiratebay.se.net were noted by the USTR as example of a Notorious Market. *See* USTR *supra* at pgs. 24, 27.

The true IP addresses at where Defendant DOE 2's YIFY websites are currently hosted or associated belong to the New York company Digital Ocean. *See* Decl. of Counsel at ¶11.

II.    STANDARD OF REVIEW

Local Rule 60.1 governs motions for reconsideration of interlocutory orders. For the Court to reconsider an interlocutory order, Plaintiff must establish: (a) the discovery of new material facts not previously available; (b) an intervening change in law; or (c) manifest error of law or fact. LR 60.1. This Court has stated that:

A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hele Ku KB, LLC v. BAC Home Loans Servicing*, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F. 3d 805, 807 (9th Cir. 2004).

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai'i Jan. 21, 2015) (citation omitted).

III.   REASONS FOR RECONSIDERATION

In the Order the Court states that Plaintiffs failed to show "good cause" to permit Plaintiffs to engage in international discovery because *inter alia*: (1) Plaintiffs failed to identify the Does with enough specificity to enable this Court to determine that the Does are real persons or entities that may be sued in federal court; (2) Plaintiffs fail to allege facts sufficient to allege personal jurisdiction; and (3) Plaintiffs failed to demonstrate that there is a reasonable likelihood that the discovery requested will lead to the identification of the Does such that they may effect service of process. Plaintiffs respectfully request that the Court reconsider

these conclusions in view of the newly discovered material facts not previously available and the manifest errors of law and fact in the Order as discussed below.

A.     <u>The originally plead facts and the newly discovered facts further establish that Defendants can be sued in Federal Court under the federal long-arm statute.</u>

The questions of whether: 1) Plaintiffs identified Defendants with enough specificity to enable this Court to determine that the Does are real persons or entities that may be sued in federal court; and (2) Plaintiffs alleged facts sufficient to allege personal jurisdiction are intertwined.  Accordingly, Plaintiffs will address both questions here.

Plaintiffs also alleged that this "Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), the so-called federal long-arm statute".  Complaint [Doc. #1] at ¶11.  Yet, the Court did not consider personal jurisdiction under the federal long-arm statute in the Order.  Personal jurisdiction per Rule 4(k)(2) is appropriate here because: (1) Plaintiffs' claims arise under federal (copyright) law; (2) the Defendant is not subject to the jurisdiction in any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the US Constitution and laws.  *See* Fed. R. Civ. P. 4(2).

In *Holland America Line v. Wärtsilä North Amer.*, the Ninth Circuit concluded that "[t]he the due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather

20-015 19-169

than considering contacts between the [Defendant] … and the forum state, we consider contacts with the nation as a whole." *Holland America Line v. Wärtsilä North Amer*, 485 F.3d 450, 462 (9th Cir., 2007).

Plaintiffs originally alleged that Defendants used Cloudflare for the website hosting and promoted overwhelmingly motion pictures produced in the United States. *See* Complaint at ¶¶12-13.  In the Motion, Plaintiffs pointed out that Defendant DOE 1 has used the United States based platform TWITTER to promote the availability of infringing content (Plaintiff Millennium Funding, Inc.'s motion picture *Mechanic: Resurrection*) on the YIFY website.  *See* Motion, Dec. of Counsel [Doc. #27-2] at ¶12.

The newly discovered facts further show that: (1) Manh used the US providers Choopa, Google and Paypal to operate his interactive YIFY website; (2) Defendant DOE 2 used the US provider Digital Ocean to host the YTS websites; and now requires users to login to the YTS website to stream Plaintiffs' motion pictures.

Accordingly, the originally plead facts and the additionally discovered material facts support Plaintiffs' allegations regarding Defendants DOES 1-2's use of US based resources that satisfy the minimum contacts specific jurisdiction test of the Federal long-arm statute.

B.     The originally plead facts establish that Defendants DOE 1 and DOE 2 can be sued in Federal Court and are persons and/or entities that can be sued in Federal Court under the Hawaii long-arm statute.

The Order states that "Plaintiffs fail to provide any facts to support their conclusory allegations regarding Does' use of "cookies, log files, and/or beacons to narrowly tailor the website viewing experience to the geolocation of the user."" Order at pg. 14.  Respectfully, this assertion is incorrect.  In the Declaration of Eric Smith, he showed a screen shot of the website yifymovies.is as it appeared on April 3, 2019 when he visited it (reshown below).



An advertisement is generated on the bottom of the website.  Most strikingly is the advertisement for "These Marvelous Apartments for Seniors Are Available Near **Kailua-Kona**."  Obviously, the YIFY website <u>must have</u> narrowly tailored the website viewing experience to the geolocation of the Eric Smith while viewing it from Kailua Kona.  Decl. of Smith [Doc. #1-4 at ¶10].

The website yts.gg which has now been removed included similar advertisements.  The website yts.ag now redirects to yts.lt, which includes an advertisement banner that specifically states the IP address of the computer that is viewing the website, the location, the browser type and even the computer specifications. *See* Decl. of Counsel at ¶¶16-17.



Accordingly, Plaintiffs do indeed provide facts to support their allegations regarding Defendants DOES 1-2's use of cookies, log files, and/or beacons to

20-015 19-169

narrowly tailor the website viewing experience that satisfy the minimum contacts specific jurisdiction test of the Hawaii long arm statute.

C.     <u>Plaintiffs alleged facts establishing that the Defendants knew that they would cause harm in Hawaii.</u>

Because the Defendants narrowly tailor the website based upon the geolocation of the website viewer as discussed above, the Defendants must have known that they were streaming motion pictures/providing torrent files to consumers in Hawaii.  When Brent Baldwin, Michael Nolasco and Cullen Coughlin were induced to infringe Plaintiffs' motion pictures in Hawaii, Plaintiffs suffered harm here in Hawaii.  These are not mere allegations. Rather, each of these individuals has admitted to the infringements.  Plaintiffs lost money from potential sales of the work from the infringements here in Hawaii.  The Hawaii government lost potential tax revenue from the infringements here in Hawaii.  Clearly, harm has been caused here in Hawaii by Defendants' actions – harm which is the foreseeable result of the piracy activity in which they engage.

D.  <u>Plaintiffs demonstrated that there is a reasonable likelihood that the discovery requested will lead to the identification of the Does such that they may effect service of process.</u>

In the Motion, Plaintiffs stated that: (1) the Icelandic Registrar ISNIC will have identification information for Defendant DOE 1 that is not publicly available;

20-015 19-169

(2) the French Registrar Gandi.net has the identification records of DOE 2 but made clear to Plaintiffs' counsel that further information will not be revealed absent a Court order (Dec. of Counsel [Doc. #27-2] at ¶7); and (3) and that the Dutch server provider Abelohost will have the identification information for the interactive website "yts.gg". See Motion at pgs. 2-3. Admittingly, this portion of the Motion was brief, but this was because the assertion is very simple. The registrars and server providers have their customer information. However, Plaintiffs will add that with respect to the Registrars ISNIC and Gandi.net, the regulations established by the Internet Corporation for Assigned Names and Numbers ("ICANN") require an individual registering a domain name to provide complete and accurate registration information for the domain name. *See* ICANN Uniform Domain Name Dispute Resolution Policy at ¶2 attached as Exhibit "2".

E.  <u>The Law of the Case doctrine precludes the conclusion regarding lack of personal jurisdiction.</u>

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.) (cert. denied 508 U.S. 951, 113 S. Ct. 2443, 124 L. Ed.2d 661 (1993).

Plaintiffs addressed the issue of personal jurisdiction in their Application for Entry of Temporary Restraining Order and Preliminary Injunction filed on April 4,

2019 ("Application") [Doc. #7]. Particularly, Plaintiffs argued that the Court has specific jurisdiction over Defendants under Rule 4(k)(1) and the Hawaii long-arm statute. *See* Memorandum in Support of Application [Doc. #7-1] at pgs. 4-5. Judge Kobayashi issued an EO questioning whether Plaintiffs had "identified the "specific facts" necessary to meet the requirements of Rule 65(b)(1)(A)." COURT ORDER REGARDING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Doc. #12]. The Court had a status hearing regarding this issue of the "specific facts" on April 11, 2019, and issued an order on April 15, 2019 denying the TRO because "…the Moving Plaintiffs could not identify specific facts that clearly show "immediate and irreparable injury, loss, or damage will result" … and because economic damages alone do not qualify as "irreparable harm,"…" COURT ORDER RULING ON PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Doc. #16] at pg. 2. Notably, personal jurisdiction was never raised by the Court as a concern.

Accordingly, Plaintiffs respectfully submit that the issue of personal jurisdiction has already been addressed by this Court at least in an *ex parte* context.

F.      Personal Jurisdiction can be waived.

Personal jurisdiction can be waived by Defendants per Rule 12(b). *See S.E.C. v. Blazon Corp.*, 609 F.2d 960, 965 (9th Cir. 1979) ("A defendant cannot waive his right to assert a lack of subject matter jurisdiction, but he can confer jurisdiction over his person upon a court otherwise lacking that jurisdiction by expressly consenting to it."). Accordingly, this Court should be hesitant to conclude that it lacks personal jurisdiction over Defendants without at least permitting Plaintiffs to conduct limited discovery.

IV. CONCLUSION

For the foregoing reasons, the Plaintiffs request that this Court reconsider the order denying Plaintiffs' Motion, grant said order and sign the letters of request and return same to Plaintiffs for transmittal to the appropriate and competent judicial authorities.

DATED: Kailua-Kona, Hawaii, July 7, 2019.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs