CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Venice PI, LLC, et al., | ) | **Case No.: 1:19-cv-169-LEK-KJM** |
| | ) | (Copyright) |
| Plaintiffs, | ) | |
| vs. | ) | PLAINTIFFS' MOTION FOR |
| | ) | RECONSIDERATION OF ORDER |
| DOE 1 et al., | ) | [DOC. #36] DENYING |
| | ) | PLAINTIFFS' MOTION FOR |
| Defendants. | ) | PRELIMINARY INJUNCTION |
| | ) | WITHOUT PREJUDICE AND FOR |
| | ) | LEAVE TO SERVE THE MOTION |
| | ) | FOR PRELIMINARY INJUNCTION |
| | ) | ON DEFENDANTS BY |
| | ) | ALTERNATIVE MEANS; |
| | ) | DECLARATION OF COUNSEL |
| | ) | |
| | ) | |

PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [DOC. #36]
DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
WITHOUT PREJUDICE AND FOR LEAVE TO SERVE THE MOTION FOR
PRELIMINARY INJUNCTION ON DEFENDANTS BY ALTERNATIVE
MEANS

I.   INTRODUCTION

Plaintiffs move this honorable court for Reconsideration of the Order [Doc. #36] Denying Plaintiffs' *Ex Parte* Motion for a Preliminary Injunction ("Motion") without prejudice. The basis for this request is that the Court's decision was respectfully based on manifest error of law and fact. Plaintiffs have diligently moved forward to attempt to serve Defendants DOE 1 and DOE 2 ("Defendants") but have been hindered by the deliberate actions of Defendants and the unique procedural nature of this case. Plaintiffs also move this Court for leave to serve at least the Motion for Preliminary Injunction (and the Complaint and Summons as well) on Defendants by alternative means. Particularly, Plaintiffs request to be allowed to serve the Motion to Defendant DOE 1 via the email addresses (1) moviesteam@protonmail.com and (2) justyousmileme@gmail.com, both to the attention of Nguyen Manh. Plaintiffs request to be allowed to serve the Motion to Defendant DOE 2 via the email addresses (1) c404d43fa1f3356febac8adad858b8db-8893542@contact.gandi.net and (2) segaran@tutanota.com, both to the attention of Mr. Senthil Vijay Segaran.

I.      PROCEDURAL AND FACTUAL BACKGROUND

Since the denial of Plaintiffs' motion for temporary restraining order and reservation of ruling on the preliminary injunction on April 15, 2019 [Doc. #16], Plaintiffs first filed a Motion for Issuance of Letters of Request on April 26, 2019 [Doc. #21] to obtain Defendants' identities from foreign registrars. Despite

20-015 19-169

Plaintiffs having conferenced with two of the Defendants [Doc. #20], Magistrate Judge Mansfield denied this request on May 7, 2019 because Plaintiffs had not held a Rule 26(f) conference with all Defendants [Doc. #23]. Plaintiffs held the Rule 26(f) conference with the remaining named Defendant Brent Baldwin on May 8, 2019 [Doc. #24]. Plaintiffs than filed an Unopposed *Ex Parte* Motion for Leave to Request Issuance of Order Granting Letters of Request prior to a Rule 26(f) Conference on May 10, 2019 [Doc. #25] again requesting issuance of the letters of request from the foreign registrars. Magistrate Judge Mansfield denied this request on July 1, 2019 [Doc. #32]. Plaintiffs than filed a Request for Reconsideration of this denial on July 7, 2019 [Doc. #34]. As of date of this pleading, Plaintiffs are awaiting a ruling on the Request for Reconsideration. Defendants Michael Nolasco and Cullen Coughlin (Doe 3) were dismissed on May 9 and June 12 of 2019 by joint stipulations [Docs. ##25, 31]. A stipulated consent judgement between Plaintiffs and Defendant Brent Baldwin was entered on May 23, 2019 [Doc. #29].

      According to the information Plaintiffs have received, Defendant DOE 1 is a national of Vietnam named Nguyen Manh and Defendant DOE 2 is a national of the United Kingdom. *See* Decl. of Counsel at ¶9, 07072019 Decl. of Counsel [Doc. #34-1] at ¶6. Plaintiffs cannot serve Defendants by traditional means such as Rule 4(f)(1) (Service per the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague

20-015 19-169

Convention")) or 4(f)(c)(ii) (foreign mailing by Clerk) because Plaintiffs do not know Defendants' address. However, Plaintiffs do know the email addresses of Defendants. *See* Decl. of Counsel at ¶¶4-8, 11 and 14, 07072019 Decl. of Counsel [Doc. #34-1] at ¶6. By this motion, Plaintiffs respectfully request that this Court reserve ruling on the Motion for Preliminary Injunction and allow Plaintiffs to serve at least the Motion (if not the Complaint and Summons as well) on Defendants by email.

Since the hearing on the Motion, Defendant DOE 2 has promptly moved its website to YTS.LT and rebranded itself and its torrent files with the name YTS.LT. 07072019 Decl. of Counsel [Doc. #34-1] at ¶¶16-18. This action – taken shortly after receiving notification of the Motion from Plaintiffs' counsel – was blatantly taken in anticipation of the website being shut down by this Court. Although Plaintiffs' counsel has had settlement negotiations with the purported representative of Defendant DOE 2 in which he agreed to remove Plaintiffs' motion pictures from the website, Defendant DOE 2 instead first put up a filter in which only certain privileged users could access the website to download Plaintiffs' motion pictures. *Id.* at ¶19. Only after a news article discussing this case was published did Defendant DOE 2 finally remove Plaintiffs' motion pictures. Decl. of Counsel at ¶6. However, Plaintiffs received information from Defendants Content Delivery Network ("CDN") provider Cloudflare indicating

that Defendant DOE 2's Cloudflare account is also associated with other notorious movie piracy websites (See 07072019 Decl. of Counsel [Doc. #34-1] at ¶10) such as rarbg.to and thepiratebay.se.net – websites so notorious that the United States Trade Representative ("USTR") placed these on a list of examples of Notorious Markets engaged in and facilitating substantial piracy. See USTR, *2018 Out-of-Cycle Review of Notorious Markets*, April 2019, pgs. 24, 27-28, Available at https://ustr.gov/sites/default/files/2018_Notorious_Markets_List.pdf [last accessed on August 9, 2019].

The story of Defendant DOE 1 is basically similar. Subsequent to the filing of the *Ex Parte* Motion on May 10, 2019 [Doc. #25], Plaintiffs obtained information from Cloudflare and Choopa indicating that the account name of Defendant DOE 1's website is Nguyen Manh ("Manh"). See 07072019 Decl. of Counsel [Doc. #34] at ¶6. Further, the information also showed that Manh used the Cloudflare account to host the movie piracy websites 123movies.is and fmoviesfree.is (Id. at ¶4) which also appear to be domains noted by the USTR as examples of Notorious Markets. See USTR, at pgs. 4, 18-19, 27.

On May 23, 2019, Plaintiffs' counsel sent an email to Manh offering to settle this matter if he would agree to cease all movie piracy activities and pay damages. Manh never replied to Plaintiffs' counsel. See 07072019 Decl. of Counsel [Doc. #34] at ¶8. *That very next day*, Manh deleted the piracy websites and suddenly

placed the domains up for sale. Id. The domains were immediately purchased by a third party on May 24, 2019. *See* Id. at ¶9.

II.   STANDARD OF REVIEW AND LEGAL STANDARD

Local Rule 60.1 governs motions for reconsideration of interlocutory orders. For the Court to reconsider an interlocutory order, Plaintiff must establish: (a) the discovery of new material facts not previously available; (b) an intervening change in law; or (c) manifest error of law or fact. LR 60.1. This Court has stated that:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hele Ku KB, LLC v. BAC Home Loans Servicing*, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F. 3d 805, 807 (9th Cir. 2004).

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai'i Jan. 21, 2015) (citation omitted).

Rule 4(f)(3) allows services "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has held that "the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ed] to the sound discretion of the district court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Service under Rule 4(f)(3) must "comport with constitutional notions of due process" and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (internal quotation marks omitted). "Courts have authorized a wide variety of alternative methods of service under Rule 4(f)(3)." *Id.* at 1016. Alternative service methods approved by courts include publication, ordinary mail, email, and delivery to a defendant's attorney. *Id*.

The United States, Vietnam and the United Kingdom are contracting parties to the Hague Convention. *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. Article 10 of the Hague Convention states that "Provided the State of destination does not object, the present Convention shall not interfere with a) the freedom to send judicial documents, by postal channels, directly to persons abroad". Hague Convention, Art. 10.

III.   ARGUMENT

A.   <u>The Order denying the motion was manifestly unjust because Plaintiffs have not had an opportunity to serve the Motion on Defendants DOE 1 and DOE 2 because Plaintiffs do not know their physical address.</u>

In the Order the Court denied the Motion because Plaintiffs have failed to show proof of service. However, Plaintiffs could not have served the Motion per Rule 4(f)(1) or 4(f)(2) because Plaintiffs do not know the physical address of Defendants. As explained above, Plaintiffs know only the name and email address of Defendant DOE 1 and email addresses of Defendant DOE 2. To this end, Plaintiffs filed the Motions for the letters of requests [Docs. #21, 25, 34].

B.   <u>The Court May Authorize Service Pursuant to Rule 4(f)(3).</u>

Plaintiffs are requesting authorization for a manner of service of Defendant DOE 1 by sending the documents (1) to the first email address which is the email address Defendant DOE 1's Registrar ISNIC has directed as the appropriate means for contacting Defendant DOE 1 (*See* 05102019 Decl. of Counsel [Doc. #27-2] at ¶¶4-5); and (2) the second email address which is the email address Defendant DOE 1 provided to his website CDN Cloudflare and host provider Choopa (*See* 07072019 Decl. of Counsel [Doc. #34] at ¶6, Decl. of Counsel at ¶14), both to the attention of Nguyen Manh. Plaintiffs are requesting authorization for a manner of service of Defendant DOE 2 by sending the documents (1) to the first email address which is

the email address Defendant DOE 2's Registrar Gandi.net has directed as the appropriate means for contacting Defendant DOE 1 (Decl. of Counsel at ¶1) ; and (2) the email address Defendant's purported representative has used to communicate with Plaintiffs' counsel (Decl. of Counsel at ¶¶4-8), both to the attention of Senthil Vijay Segaran, the director of the dissolved company Techmodo Limited (Id. at ¶¶4, 8). Rule 4(f)(3) allows the Court to authorize service by such alternative means provided the means "comport with constitutional notions of due process". *Rio* at 1016-17.

C.   Plaintiffs' Proposed Means of Service Comport with Due Process.

Serving Defendants by the email addresses which Defendants' respective Registrar provided as the means for communicating with them, the email address Defendant DOE 1 provided to his service providers Cloudflare and Choopa, and the email address which Defendant DOE 2's representative has used to communicate with Plaintiffs' counsel comports with due process because this approach is reasonably calculated under the circumstances to apprise Defendants of the pendency of the action and afford Defendants an opportunity to present objections. It is well-settled that service by email on foreign defendants meets this standard in an appropriate case. *See, e.g.,Rio Props.*, 284 F.3d at 1016–17.

The first email addresses for each of Defendants DOE 1 and DOE 2 is the email addresses Defendants' Registrar provides for contacting Defendants. *See*

20-015 19-169

Decl. of Counsel ¶1, 05102019 Decl. of Counsel [Doc. #27-2] at ¶¶4-5 and 7-8. Plaintiffs' counsel has sent an email to the first email addresses and received no error delivery notification. *Id.* The regulations established by the Internet Corporation for Assigned Names and Numbers ("ICANN") require an individual registering a domain name to provide complete and accurate registration information for the domain name. *See* ICANN Uniform Domain Name Dispute Resolution Policy at ¶2 , https://www.icann.org/resources/pages/policy-2012-02-25-en [last accessed on August 9, 2019]. Gandi.net and ISNIC are providing a privacy service to Defendants by concealing Defendants' contact information from being publicly available. However, ICANN requires a privacy service to alternatively publish reliable contact information (such as a mail-forwarding email address) in place of the customer's personal contact information. *See* https://www.icann.org/resources/pages/pp-services-2017-08-31-en [last accessed on August 8, 2019]. ICANN further requires any proxy service or privacy service of a Registrar to "…publish a point of contact for third parties wishing to report abuse or infringement of trademarks (or other rights)." 2013 Registrar Accreditation Agreement Specification on Privacy and Proxy Registrations at Rule 2.2, https://www.icann.org/resources/pages/approved-with-specs-2013-09-17-en#privacy-proxy [last accessed on August 9, 2019]. Accordingly, because this first

20-015 19-169

email addresses are the email addresses provided by Defendants' Registrar per ICANN regulations, it must be a reliable means for contacting Defendants.

The second email address for Defendant DOE 1 has also proven to be a reliable means for communicating with Defendant DOE 1.  For example, once Plaintiffs' counsel sent an email to this second email address using Defendant DOE 1's real name, although he did not respond, he immediately took down the website YIFYMOVIES.IS.  *See* 07072019 Decl. of Counsel [Doc. #34] at ¶8.

The second email address for Defendant DOE 2 has also proven to be a reliable means for communicating with Defendant DOE 2.  Defendant DOE 2's purported representative has communicated with Plaintiff's counsel from the second email address for settlement negotiations.  *See* Id. at ¶¶12-15.  Further, Defendant DOE 2 has made substantive changes to the YTS website such as removing certain titles in response to demands Plaintiffs made in the settlement negotiations.  *Id.* at ¶¶12-15 and 18-19, Decl. of Counsel at ¶6.

C.  <u>The Alternative Means proposed by Plaintiffs are not prohibited by international agreement.</u>

Plaintiff's proposed alternative means of service are not prohibited by an international agreement.  The international agreement of concern is the Hague Convention.  However, the United Kingdom has indicated "no opposition" to the

20-015 19-169

freedom to send judicial documents, by postal channels, directly to persons abroad provision of Article 10(a).  *See*

 https://www.hcch.net/en/states/authorities/details3/?aid=278  [last accessed on August 8, 2019].  Vietnam has given a qualified opposition to Article 10(a).  Particularly, Vietnam states "4. The Socialist Republic of Viet Nam does not oppose to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt."  *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn [last accessed on August 9, 2019].

      Moreover, numerous Courts have determined that even for countries that have objected to service through postal channels under Article 10 of the Hague Convention, email service is still permissible.  *E.g., Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (distinguishing email from postal mail and concluding that service by email to parties in the Czech Republic, Norway, Switzerland, and Ukraine was permissible); *Facebook, Inc. v. Banana Ads, LLC*, No. 11-3619-YGR, 2012 WL 1038752, at *2 n.5 (N.D. Cal. Mar. 27, 2012) (finding that email service to Hong Kong, "a special administrative region of the People's Republic of China," was acceptable); see also *JBR, Inc. v. Cafe Don Paco, Inc.*, No. 12-CV-02377 NC, 2013

20-015 19-169

WL 1891386, *5 (N.D. Cal. May 6, 2013) ("Courts in the Northern District have authorized service via email when... the plaintiff has a valid email address for defendant," citing *Facebook*, 2012 WL 1038752 at *1–2; *Gucci America, Inc. v. Huoqing*, No. 09–cv–05969 JCS, 2011 WL 31191, *2–3 (N.D. Cal. Jan.3, 2011) (finding email service appropriate where a Chinese defendant operated anonymously via the internet, used a false physical address, and relied solely on electronic communications to operate his business); *Bank Julius Baer & Co. Ltd v. Wikileaks*, No. 08–cv–00824 JSW, 2008 WL 413737, *2 (N.D. Cal. Feb.13, 2008) (finding email service appropriate where plaintiffs could not locate a valid physical address for defendants, and believed them to be foreign, but had email addresses for defendants); *Williams–Sonoma Inc.*, 2007 WL 1140639 at *1–2 (finding that email service was proper where physical addresses for foreign defendants could not be ascertained, but email had been an effective means of communication between the parties)); *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN MDD, 2012 WL 716883, *2 (S.D. Cal. Mar. 5, 2012) (Allowing Plaintiffs to serve Defendants at e-mail addresses Plaintiffs used to communicate with Defendants after they had been unable to serve Defendants at any of the three physical addresses that Defendants used in registering their domain names because Defendants used the email address when registering their domain names).

20-015 19-169

Here, the alternate means requested by Plaintiffs is email, which was not a medium considered by the Hague Service Convention. Accordingly, service by email is not prohibited by an international agreement with the United Kingdom or Vietnam per Rule 4(f)(3).

Accordingly, Plaintiffs respectfully submit that service through email is particularly appropriate here because, as the record reflects, Defendants engaged in online business and regularly communicate through these email addresses, including to Plaintiffs' counsel. *See* 05102019 Decl. of Counsel [Doc. #27-2] at ¶9, 07072019 Decl. of Counsel [Doc. #34-1] at ¶¶6, 8, 12-14, Decl. of Counsel at ¶¶1, 3-8, 11.

E.   Plaintiffs have made diligent efforts to serve Defendants.

"[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (alterations and citation omitted). Thus, the rule does not require a party to serve process by the means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by "other means" under Rule 4(f)(3). *See Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at 1 (S.D.N.Y. Jan. 31, 2012) ("there is no hierarchy among the subsections in Rule 4(f)").

20-015 19-169

Nonetheless, Plaintiffs attempted to serve Defendant DOE 2 through foreign mailing per Rule 4(f)(2)(A) but failed. *See* Decl. of Counsel at ¶9. Plaintiffs would not be able to effect service of Defendants DOE 1 and DOE 2 through their respective Central Authority per Rule 4(f)(1) because Plaintiffs do not know their physical addresses.

IV.   CONCLUSION

For the foregoing reasons, the Plaintiffs request that this Court reconsider the order denying Plaintiffs' Motion, and enter an order authorizing alternate service of process on Defendants DOE 1 and DOE 2 of the Motion as requested.

DATED: Kailua-Kona, Hawaii, August 9, 2019.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs

20-015 19-169