CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC,<br>MON LLC,<br>Millennium Funding, Inc.,<br>Bodyguard Productions, Inc.,<br>TBV Productions, LLC,<br>UN4 Productions, Inc., and<br>Hunter Killer Productions, Inc.<br><br>                    Plaintiffs,<br>     vs.<br><br>NGUYEN DINH MANH~~DOE 1~~<br>~~d/b/a YIFY~~, TECHMODO LTD~~DOE 2 d/b/a~~<br>~~YTS~~, AND MICHAEL NOLASCO~~SENTHIL~~<br>~~VIJAY SEGARAN~~, ~~BRENT BALDWIN,~~<br>~~DOE 3 and DOES 4-10~~<br><br>                    Defendants. | Case No.: 1:19-cv-169-**LEK-KJM**<br><br>(Copyright)<br><br>**FIRST AMENDED COMPLAINT;**<br>**EXHIBITS 1-3; DECLARATIONS**<br>**OF ERIC SMITH, MICHAEL**<br>**NOLASCO, BRENT BALDWIN**<br>**AND TIME TRAVIS LAAPUI**<br><br>**(1) CONTRIBUTORY**<br>    **COPYRIGHT**<br>    **INFRINGEMENT**<br>**(2) INTENTIONAL**<br>    **INDUCEMENT**<br>**(3) DIRECT COPYRIGHT**<br>    **INFRINGEMENT** |

**FIRST AMENDED COMPLAINT**

Plaintiffs Venice PI, LLC, MON LLC, Millennium Funding, Inc., Bodyguard

20-015A

**Exhibit "1"**

Productions, Inc., TBV Productions, LLC, UN4 Productions, Inc., and Hunter Killer Productions, Inc., (collectively "Plaintiffs") file this First Amended Complaint against Defendants Nguyen Dinh Manh (previously identified as DOE 1), Techmodo Limited (previously DOE 2) and Senthil Vijay Segaran (previously DOE 2) (collectively "Defendants"), ~~Michael Nolasco, Brent Baldwin, (collectively "Defendants") and DOE 3~~ and allege as follows:

## I.      NATURE OF THE ACTION

~~1.      Plaintiffs bring this action to stop the massive piracy of their motion pictures brought on by websites under the collective names YIFY and YTS and their users.~~

~~2.~~1.     ~~To halt Defendants' illegal activities,~~ Plaintiffs bring this action under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the Copyright Act") and allege that Defendants are liable for inducement, and direct and contributory copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

## II.     JURISDICTION AND VENUE

~~3.~~2.     This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4.      Defendants solicit, transact, or are doing business within this jurisdiction, and have committed unlawful and tortious acts both within and outside

20-015A

this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction.

5.     Defendants ~~DOE 1 and DOE 2~~ cause harm to Plaintiffs' business within this District by diverting customers in this District to unauthorized Internet-based content distribution services through, at least, the websites yifymovies.is, ~~and~~ yts.lt and yts.ag.

6.     Defendants ~~DOE 1 and DOE 2~~ have designed their interactive websites to individually target Hawaii users based upon their personal information such as web browsing history.

7.     Upon information and belief, Defendants ~~DOE 1 and DOE 2~~ collect log files including the Internet Protocol ("IP") address, Internet Service Provider ("ISP") and browser type of each user who visits their websites.

8.     Upon information and belief, Defendants ~~DOE 1 and DOE 2~~ use cookies and web beacons to store information such as personal preferences of users who visit their websites.

9.     Upon information and belief, Defendants ~~DOE 1 and DOE 2~~ obtain financial benefit from their users in Hawaii via third party advertisements such as Google through the Google AdSense program.

10.    Upon information and belief, Defendants use the cookies, log files and/or web beacons to narrowly tailor the website viewing experience to the

20-015A

geolocation of the user.  Particularly, users in Hawaii receive advertisements based upon their location and websites they have previously visited.

11.     In the alternative, the Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), the so-called federal long-arm statute, for at least the following reasons: (1) Plaintiffs' claims arise under federal law; (2) the Defendants DOE 1 and DOE 2 purposely directed their electronic activity into the United States and target and attract a substantial number of users in the United States and, more particularly, this District; (3) Defendants do so with the manifest intent of engaging in business or other interactions with the United State; (4) the Defendants are not subject to jurisdiction in any state's courts of general jurisdiction; and (5) exercising jurisdiction is consistent with the United States Constitution and laws.

12.     Defendants DOE 1 and DOE 2 use many United States based sources for their activities such as the Internet hosting and nameserver company Cloudflare, Inc.

13.     Defendants consented to jurisdiction in the United States per Cloudflare's terms of service.

14.     Defendants DOE 1 and DOE 2 promote overwhelmingly if not exclusively motion pictures produced by United States companies on their websites.

15.     Defendant Nguyen Dinh Manh ("Nguyen") used the United States Internet hosting provider Choopa, LLC for hosting services of the YIFY website.

4

20-015A

16.    Defendant Nugyen used the United States provider Paypal to receive payments from advertising funds received as a result of clicks to advertisements on his interactive YIFY website.

17.    Defendant Nguyan used the United States email provider Google to operate his interactive YIFY website.

18.    Defendant Nguyen used the United States registrar Namecheap to register his domain yifymovies.is, and thereby consented to jurisdiction in the United States per Namecheap's terms of service.

13.

14.19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District; and (c)(3) any of the Defendants not a resident of the United States may be sued in this District.

### III.    PARTIES

### A.   The Plaintiffs

15.20. The Plaintiffs are owners of the copyrights for the motion pictures (hereafter: "Works"), respectively, as shown in Exhibit "1" and listed below.

| OWNER | MOTION PICTURE | Copyright Certificate Number |
|---|---|---|
| Venice PI, LLC | *Once Upon a Time in Venice* | PA2039391 |

20-015A

5

| MON LLC | *Singularity* | PAu3848900 |
|---|---|---|
| Millennium Funding, Inc. | *Mechanic: Resurrection* | PA1998057 |
| Bodyguard Productions, Inc. | *The Hitman's Bodyguard* | PAu3844508 |
| TBV Productions, LLC | *I Feel Pretty* | Pau3896491 |
| UN4 Productions, Inc. | *Boyka: Undisputed* | PA0002000772 |
| Hunter Killer Productions, Inc. | *Hunter Killer* | PA2136168 |

## B.   The Defendants

21.    Defendant Nguyen is a resident of Vietnam.

16.22.Defendant ~~DOE 1 operates~~Nguyen operated an interactive website http://yifymovies.is (hereafter: "YIFY Website") until about May 23, 2019~~as of April 1, 2019~~.

17.23.The YIFY website ~~includes~~ included a library of copyright protected motion pictures, including Plaintiffs', that ~~can~~ could be streamed by users for free.

18.24.Defendant ~~DOE 1~~Nguyen ~~states~~ stated on the YIFY website, "Welcome to the official YIFY website. Here you will be able to browse and watch YIFY Movies online for free in excellent BluRay quality with the English subtitle."

20-015A



25.    Defendant Nguyen operated many other piracy websites such as gomoviesfree.is, fmoviesfree.is, watchasap.is, yesmovies.to, 9movies.is and 123movies.is which provided similar streaming services of copyright protected motion pictures.

26.    Defendant Nguyen's websites 123movies.is and fmoviesfree.is were noted by the Office of the United States Trade Representative ("USTR") as examples of Notorious Markets defined as an online marketplace reportedly engaged in and facilitating substantial piracy. *See* USTR, *2018 Out-of-Cycle Review of Notorious Markets*, April 2019, pgs. 2, 4, 18, Available at https://ustr.gov/sites/default/files/2018_Notorious_Markets_List.pdf [accessed on June 13, 2019].

7

20-015A

27.     Defendant Techmodo Limited ("Techmodo") is a private limited company incorporated under the laws of England and Wales.

28.     Defendant Senthil Vijay Segaran ("Segaran") is an individual residing in England and is the sole shareholder in Techmodo.

29.     Defendants Techmodo and Segaran ~~DOE 2~~ operate and/or exercise control over an interactive website www.yts.lt (hereafter: "YTS website") which includes a library of torrent files for copyright protected motion pictures, including Plaintiffs'.  The torrent files can be used by a BitTorrent client application to download motion pictures for free.  Upon information and belief, Defendants Techmodo and Segaran previously operated the websites yts.gg, yts.am and yts.ag, which now redirects to yts.lt.

~~19.     s an interactive website http://yts.am (hereafter: "YTS website") which includes a library of torrent files for copyright protected motion pictures from YIFY, including Plaintiffs'.  The torrent files can be used by a BitTorrent client application to download motion pictures for free.  Upon information and belief, Defendant DOE 2 previously operated the website yts.ag, which now redirects to yts.am.~~

~~20.~~30. Defendants Techmodo and Segaran state ~~DOE 2 states~~ on the YTS website, "Here you will be able to browse and download YIFY movies in excellent 720p, 1080p and 3D quality…"



31.     Defendants Techmodo and Segaran begin redirecting the YTS website to the domain yts.lt on or about June 3, 2019 in response to the present litigation.

32.     Upon information and belief, Defendants Techmodo and Segaran operate and/or exercise control over many other movie piracy websites such as piratetorrents.net, limetorrents.cc, yourbittorrent.com, rarbg.to, torrentbutler.eu, piratetorrents.net, thepiratebay.se.net, torrentz.eu, 1337x.to and extratorrent.cc which provided similar torrent files for distributing copyright protected motion pictures.

33.     Defendant Techmodo's websites rarbg.to and thepiratebay.se.net were noted by the USTR as example of a Notorious Market. *See* USTR *supra* at pgs. 24, 27.

~~21.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOE 1 and DOE 2 are unknown to Plaintiffs who~~

9

20-015A

therefore sues said Defendants by such fictitious names.  Each of Defendants DOE 1 and DOE 2 is known to the Plaintiff only by the websites at which the alleged infringements take place.

22.    As of April 2, 2019, the whois search records for the registrant of YIFY website only show a registrant "LFR2-IS" at an email address moviesteam@protonmail.com.

20-015A

10

| WHOIS lookup result for yifymovies.is |
|---|

```
% This is the ISNIC Whois server.
%
% Rights restricted by copyright.
% See https://www.isnic.is/en/about/copyright


domain:      yifymovies.is
registrant:  LRF2-IS
admin-c:     LRF2-IS
tech-c:      LRF2-IS
zone-c:      CN25-IS
billing-c:   LRF2-IS
nserver:     brad.ns.cloudflare.com
nserver:     mary.ns.cloudflare.com
dnssec:      unsigned delegation
created:     September 15 2017
expires:     September 15 2019
source:      ISNIC


nic-hdl:     LRF2-IS
address:     FR
e-mail:      moviesteam@protonmail.com
created:     September 15 2017
source:      ISNIC


role:        CloudFlare NOC
nic-hdl:     CN25-IS
address:     665 3rd Street, Suite 207
address:     San Francisco, CA 94107
address:     US
phone:       +1 6503198930
e-mail:      noc@cloudflare.com
created:     January 19 2012
source:      ISNIC
```

23.   As of April 2, 2019, the whois search records for the registrant of the YTS websites (yts.am and yts.gg) only show registrant name was "REDACTED FOR PRIVACY" by Gandi SAS (http://www.gandi.net).

20-015A

WHOIS lookup result for yts.am

Domain Name: yts.am
Registry Domain ID: UNDEF-ROID
Registrar WHOIS Server: whois.gandi.net
Registrar URL: http://www.gandi.net
Updated Date: 2018-10-09T14:48:32Z
Creation Date: 2017-11-16T15:39:51Z
Registrar Registration Expiration Date: 2019-11-16T00:00:00Z
Registrar: GANDI SAS
Registrar IANA ID: 81
Registrar Abuse Contact Email: abuse@support.gandi.net
Registrar Abuse Contact Phone: +33.170377661
Reseller:
Domain Status: ok http://www.icann.org/epp#ok
Domain Status:
Domain Status:
Domain Status:
Domain Status:
Registry Registrant ID: REDACTED FOR PRIVACY
Registrant Name: REDACTED FOR PRIVACY
Registrant Organization: TechModo Limited
Registrant Street: Obfuscated whois Gandi-63-65 boulevard Massena
Registrant City: Obfuscated whois Gandi-Paris
Registrant State/Province: Paris
Registrant Postal Code: 75013
Registrant Country: FR
Registrant Phone: +33.170377666
Registrant Phone Ext:
Registrant Fax: +33.143730576

20-015A

```
                    WHOIS lookup result for yts.gg

    Domain Name: yts.gg
    Registry Domain ID: 766342-CI
    Registrar WHOIS Server: whois.gandi.net
    Registrar URL: http://www.gandi.net
    Updated Date: 2019-03-27T13:12:36Z
    Creation Date: 2018-04-26T14:06:16Z
    Registrar Registration Expiration Date: 2019-04-26T14:06:16Z
    Registrar: GANDI SAS
    Registrar IANA ID: 81
    Registrar Abuse Contact Email: abuse@support.gandi.net
    Registrar Abuse Contact Phone: +33.170377661
    Reseller:
    Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferProhibited
    Domain Status:
    Domain Status:
    Domain Status:
    Domain Status:
    Registry Registrant ID: REDACTED FOR PRIVACY
    Registrant Name: REDACTED FOR PRIVACY
    Registrant Organization:
    Registrant Street: Obfuscated whois Gandi-63-65 boulevard Massena
    Registrant City: Obfuscated whois Gandi-Paris
    Registrant State/Province: Paris
    Registrant Postal Code: 75013
    Registrant Country: FR
    Registrant Phone: +33.170377666
    Registrant Phone Ext:
    Registrant Fax: +33.143730576
```

24.    Defendant Michael Nolasco is, upon information and belief, a resident of Honolulu, Hawaii, and over 18 years of age.

25.    Defendant Michael Nolesco is the son of an individual who is or was subscriber of Internet service from Hawaiian Telcom in Hawaii and assigned Internet Protocol ("IP") address 72.234.162.87.

20-015A

26.    Defendant Brent Baldwin is, upon information and belief, a resident of Honolulu, Hawaii, and over 18 years of age.

27.    Defendant Brent Baldwin is or was a subscriber of Internet service from Verizon Wireless and assigned IP address 174.239.5.113.

28.    Defendant DOE 3 is, upon information and belief, a resident of Honolulu, Hawaii, and over 18 years of age.

29.    Defendant DOE 3 is the son of Lourdes Coughlin, who is or was a subscriber of Internet service from Verizon Wireless and assigned IP address 70.212.134.243.

30.    DOES 4-10, upon information and belief, provide streaming sources for the YIFY website of Defendant DOE 1.

31.    Cloudflare, Inc. provides hosting and nameserver service for the websites of Defendants DOE 1 and DOE 2.    Plaintiffs intends to subpoena Cloudflare, Inc. in order to learn the identities of Defendants DOE 1 and DOE 2. Plaintiff intends to subpoena Lourdes Coughlin to obtain the name of her son (DOE 3) who is responsible for the acts alleged here.  Plaintiffs intend to subpoena the Internet Service Providers associated with the Internet Protocol addresses that provide the streaming sources for the website of DOE 1 to obtain the identities of DOES 4-10.  Further discovery may be necessary in some circumstances in order to be certain of the identity of the proper Defendant.   Plaintiffs believe that

14

~~information obtained in discovery will lead to the identification of each Defendants'~~

~~true names and permit the Plaintiffs to amend this Complaint to state the same.~~

~~Plaintiffs further believe that the information obtained in discovery may lead to the~~

~~identification of additional infringing parties to be added to this Complaint as~~

~~Defendants.  Plaintiff will amend this Complaint to include the proper names and~~

~~capacities when they have been determined.  Plaintiffs are informed and believe,~~

~~and based thereon allege, that each of the fictitiously named Defendants participated~~

~~in and are responsible for the acts described in this Complaint and damages resulting~~

~~therefrom.~~

## IV.   JOINDER

~~32.~~34. Pursuant to Fed. R. Civ. P. 20(a)(1), each of the Plaintiffs are properly joined because, as set forth in detail above and below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the distribution of and use of YIFY and YTS websites for streaming and distributing Plaintiffs' Works; and (b) that there are common questions of law and fact.

~~33.~~35. Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the distribution of Plaintiffs' Works via the YIFY and YTS

20-015A

websites of Defendants ~~DOE 1 and DOE 2~~; and (b) there are common questions of law and fact.   ~~Plaintiffs assert that Defendants DOE 1 and DOE 2 are jointly and severally liable for the infringing activities of each other and for inducing and/or contributing to the infringements of the other Defendants~~

## V.   FACTUAL BACKGROUND

### A.  The Plaintiffs Own the Copyrights to the Works

~~34.~~36. The Plaintiffs are the owners of the copyright in the Works, respectively.  The Works are the subjects of copyright registrations, and this action is brought pursuant to 17 U.S.C. § 411.  *See* Exhibit "1".

~~35.~~37. Each of the Works are motion pictures currently offered for sale in commerce.

~~36.~~38. Defendants had notice of Plaintiffs' rights through at least the credits indicated in the content of the motion pictures which bore proper copyright notices.

39.   Defendants also had notice of Plaintiffs' rights through general publication and advertising associated with the motion picture, and packaging and copies, each of which bore a proper copyright notice.

### B.  The YIFY and YTS websites

~~37.~~

~~38.~~40. Upon information and belief, the name YIFY mentioned in the YIFY website and the YTS website is derived from the name Yiftach Swery, the founder

of YIFY Torrent Solutions.

~~39.~~41.Upon information and belief, the name YTS mentioned in the YTS website is an abbreviation of YIFY Torrent Solutions.

~~40.~~42.Upon information and belief, the YIFY website is streaming motion pictures from at least torrent sources of the YTS library.

~~41.~~43.Upon information and belief, both YIFY and YTS are operating in concert.  Both the YIFY and YTS websites include what appears to be the same trademark – namely a green semi-circle with three large full circles and one small full circle therein akin to a traditional movie reel with film extending therefrom.





~~42.~~44.The YIFY website of Defendant Nguyen ~~DOE 1~~ allow~~ed~~s users to stream Plaintiffs' Works.

~~43.~~45.Defendant Nguyen ~~DOE 1~~ does not have a license from Plaintiffs to publicly perform or stream copies of Plaintiffs' Works.

~~44.~~46.Upon information and belief, the YIFY website of Defendant Nguyen ~~DOE 1~~ is using source repositories (including those associated with Defendants Techmodo and Segaran ~~DOE 2~~) to allow users to stream copyright protected content, including Plaintiffs' Works.

17

47.   Upon information and belief, the YTS website of Defendants Techmodo and Segaran DOE 2 is providing torrent files, many including the name "yts.agYTS" in their file names, that can be used by a BitTorrent protocol client application protocol to download copyright protected content, including Plaintiffs' Works from Torrent sites.  Exhibit "2" (Mechanic Resurrection (2016) [YTS.AG] and Singularity (2017) [YTS.AG]).

48.   Upon information and belief, Defendants Techmodo and Segaran use a process referred to as "ripping" to create a copy of motion pictures from either Blu-ray or legal streaming services.

49.   Defendants Techmodo and Segaran sometimes includes words such as "YTS" in the titles of the torrent files they create in order to enhance their reputation for the quality of his torrent files and attract users to their interactive YTS website.

45.

46.50.Torrent sites are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.  When a user of Defendants Techmodo and SegaranDefendant DOE 2's YTS website select a motion picture, the user receives a torrent file associated with that motion picture.  The user can use a BitTorrent protocol client application to run the torrent file to download a copy of the motion picture.

47.51.Defendants Techmodo and Segaran Defendant DOE 2 does not have a

18

license from Plaintiffs to ~~copy,~~ publicly perform or distribute copies of Plaintiffs' Works.

48.52. Users of the websites of Defendants ~~DOE 1 and DOE 2~~ use the websites for their intended and unquestionably infringing purposes, most notably to obtain immediate, unrestricted, and unauthorized access to unauthorized copies of Plaintiffs' Copyrighted Works.

49.53. Defendants ~~DOE 1 and DOE 2~~ promote their websites for overwhelmingly, if not exclusively, infringing purposes, and that is how the users use the websites.

50.54. The commercial value of Defendant ~~DOE 1's and DOE 2~~'s' websites depends on high-volume use of unauthorized content through the website. Defendants ~~DOE 1 and DOE 2~~ promise their users reliable and convenient access to all the content they can watch and users visit the websites based on Defendant ~~DOE 1's and DOE 2~~'s' apparent success in delivering infringing content to their customers.

51.55. Defendant ~~DOE 1~~Nguyen ~~is streaming~~streamed copies of the motion picture *Once Upon A Time In Venice* via the YIFY website.

20-015A



~~52.~~56. ~~53.~~57. Defendant ~~DOE 1~~ Nguyen ~~is streaming~~streamed copies of the motion

picture *Mechanic: Resurrection* via the YIFY website.

20-015A



54.58.

~~55.~~59. Defendant ~~DOE 1~~Nguyen ~~is streaming~~streamed copies of the motion

picture *I Feel Pretty* via the YIFY website.



56.60.

57.61.Defendant ~~DOE 1~~Nugyen ~~is streaming~~streamed copies of the motion

picture *Hunter Killer* via the YIFY website.



58.62.

63.    Plaintiffs' agents monitored the Internet traffic associated with the YIFY website while streaming the motion pictures and recorded the IP addresses which are likely the sources of the content.  Exhibit "3".

64.    One of the IP addresses (169.54.206.44) shown in Exhibit "3" is controlled by the US Company Zeta Global, Inc., which operates an Internet comment platform called "Disqus".

59.65.Defendant Nguyen hid links for streaming Plaintiffs' motion pictures

20-015A

in comments in the Disqus comment platform provided by the US company Zeta Global.

60.    Defendant DOE 3 used the YTS website of Defendant DOE 2 or another source to copy at least a portion of the motion picture *Boyka: Undisputed* on April 9, 2017 at IP address 70.212.134.243.

61.    Defendant DOE 3 used the website of Defendant DOE 2 or another source to copy a portion of the motion picture *Once Upon a Time in Venice* and share multiple copies of the motion picture on July 4, 2018 at IP address 70.212.134.243.

66.    ~~Defendant~~ Michael Nolasco, a resident of Hawaii, used the YTS website of Defendant~~s~~ Techmodo and Segaran ~~DOE 2 or another source~~ to copy ~~a portion of~~ and share multiple copies of the motion picture *The Hitman's Bodyguard* on Sept. 3, 2017 to Sept. 27, 2017 at IP address 72.234.162.87.  See Decl. of Nolasco at ¶7.

~~62.~~

~~63.~~67.~~Defendant~~ Michael Nolasco used the YTS website ~~of Defendant DOE 2 or another source~~ to copy ~~a portion of~~ the motion picture *Once Upon a Time in Venice* on November 19, 2017 at IP address 72.234.162.87.

~~64.~~68.~~Defendant~~ Michael Nolasco used the YTS website ~~of Defendant DOE 2 or another source~~ to copy ~~a portion of~~ the motion picture *Mechanic: Resurrection*

20-015A

on December 24, 2017 at IP address 72.234.162.87.  *See* Id. at ¶5.

69.    ~~Defendant~~ Michael Nolasco used the YTS website ~~of Defendant DOE 2 or another source~~ to copy ~~a portion of~~ the motion picture *Singularity* on February 13, 2018 at IP address 72.234.162.87.  *See* Id. at ¶6.

70.    Michael Nolasco used the YIFY website of Defendant Nguyen to stream at least a portion of the motion picture *Hitman's Bodyguard* sometime in or after 2017.  *See* Id. at ¶8.

~~65.~~

71.    ~~Defendant~~ Brent Baldwin, a resident of Hawaii, used the YTS website of Defendant s Techmodo and Segaran ~~DOE 2 or another source~~ to copy a portion of the motion picture *The Hitman's Bodyguard* on Nov. 2, 2017 at IP address 174.239.5.113.  *See* Decl. of Baldwin at ¶9.

~~66.~~

72.    ~~Defendant~~ Brent Baldwin used the YTS website ~~of Defendant DOE 2 or another source~~ to copy a portion of the motion picture *Once Upon a Time in Venice* on Feb. 11, 2018 at IP address 174.239.5.113.  *See* Id. at ¶8.

73.    Brent Baldwin used the YIFY website of Defendant Nguyen to stream copies of the motion pictures *Singularity* and *Mechanic: Resurrection* in 2017.  *See* Id. at ¶¶3, 7.

74.    Brent Baldwin and Michael Nolasco were motivated to infringe

20-015A

Plaintiffs' Works from the promotional language of Defendants' YIFY and YTS websites.

75.    Brent Baldwin and Michael Nolasco used Defendants' YIFY and YTS websites exactly as instructed by Defendants to infringe the Works.

~~67.~~

~~68.    The deceptive language on Defendant DOE 1's and DOE 2's websites convinced Defendant Brent Baldwin that the websites allowed him to legally watch free movies.~~

## VI. FIRST CLAIM FOR RELIEF
**(Intentional Inducement ~~ Against Defendants DOE 1 and DOE 2~~)**

~~69.~~76.Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

~~70.~~77.Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

~~71.~~78.Defendants ~~DOE 1 and DOE 2~~ have actual knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.

~~72.~~79. Defendants ~~DOE 1 and DOE 2~~ intentionally induced the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform and distribute copies of Copyrighted Works.

20-015A

73.80. As intended and encouraged by Defendant DOE 1Nguyen, the YIFY website connects users to sources and/or sites that publicly perform copies of Plaintiffs' Copyrighted Works.  The operators of these sources directly infringe Plaintiffs' exclusive rights by providing unauthorized public performances of the works to the public, including to users of Defendant DOE 1Nugyen's website.

74.81. These operators, or others operating in concert with them, control the facilities and equipment used to store and distribute the content, and they actively and directly cause the content to be performed when users click on a link for the content on the YIFY website of Defendants DOE 1Nguyen.

75.82. As intended and encouraged by Defendants Techmodo and Segaran DOE 2, the YTS website provides torrent files that connect users to Torrent sources and/or sites that deliver copies of Plaintiffs' Copyrighted Works.  The operators of these Torrent sources directly infringe Plaintiffs' exclusive rights by providing unauthorized copies of the works to the public, including to users of Defendants Techmodo and SegaranDOE 2's website.

76.83. Once the user of Defendants Techmodo and Segaran DOE 2's website has obtained a complete copy of the Plaintiffs' Copyrighted Works, that particular user also becomes another Torrent source that delivers copies of Plaintiffs' Copyrighted Works.

77.84. Defendants Techmodo and Segaran DOE 2 induces the aforementioned

27

acts of infringement by supplying the torrent files that facilitate, enable, and create direct links between their users and the infringing Torrent sources, and by actively inducing, encouraging and promoting the use of the website for blatant copyright infringement.

78.85. Defendants Techmodo and Segaran~~DOE 1's and DOE 2~~'s intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

79.86. Defendants' ~~DOE 1's and DOE 2's~~ inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of the Plaintiffs.

80.87. Defendant ~~DOE 1's and DOE 2~~s's actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

### VII. SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement based upon Material Contribution— Against Defendants DOE 1 and DOE 2)

81.88. Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

82.89. Defendants ~~DOE 1 and DOE 2~~ have actual or constructive knowledge of infringement of Plaintiffs' exclusive rights under the Copyright Act.  Defendants ~~DOE 1 and DOE 2~~ knowingly and materially contribute to such infringing activity.

83.90. Defendant ~~DOE 1~~Nguyen knowingly and materially contributes to the

infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform their works. Defendant ~~DOE 1~~Nguyen designs and promotes the use of the YIFY website to connect customers to unauthorized online sources that stream copies of Plaintiffs' Copyrighted Works.  The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing copies of the works to the public, including to users of the YIFY website. The operators, or others operating in concert with them, control the facilities and equipment used to store and deliver copies of the content, and they actively and directly cause the content to be streamed when users click on a link of the YIFY website for the content.

~~84.~~91. Defendant ~~DOE 1~~Nguyen knowingly and materially contributes to the aforementioned acts of infringement by supplying the YIFY website that facilitates, encourages, enables, and creates direct links between website users and infringing operators of the streaming services, and by actively encouraging, promoting, and contributing to the use of the website for blatant copyright infringement.

~~85.~~92. Defendant ~~DOE 2~~s Techmodo and Segaran knowingly and materially contributes to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to distribute their works. Defendant~~s~~ Techmodo and Segaran ~~DOE 2~~ designs and promotes the use of the YTS website to provide torrent files that connect customers to unauthorized online torrent

29

20-015A

sources to download copies of Plaintiffs' Copyrighted Works.  The operators of these torrent sources directly infringe Plaintiffs' distribution rights by providing copies of the Works to the public, including to YTS website users. The operators, or others operating in concert with them, control the facilities and equipment used to store and deliver copies of the the content, and they actively and directly cause the content to be distributed when users run the torrent file obtained from the YTS website.

86.93. Defendants DOE 1 and DOE 2 knowingly and materially contributes to the aforementioned acts of infringement by supplying the website that facilitates, encourages, enables, and creates direct links between website users and infringing operators of the streaming and Torrent services, and by actively encouraging, promoting, and contributing to the use of the website for blatant copyright infringement.

87.94. Defendants' DOE 1's and DOE 2's knowing and material contribution to the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

88.95. Defendants DOE 1's and DOE 2's knowing and material contribution to the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

89.96. As a direct and proximate result of the infringement to which

20-015A

Defendants ~~DOE 1 and DOE 2~~ knowingly and materially contributes, Plaintiffs are entitled to damages and Defendants ~~DOE 1's and DOE 2's~~ profits in amounts to be proven at trial.

~~90.~~97. Defendants ~~DOE 1 and DOE 2~~ obtained a direct financial interest, financial advantage, and/or economic consideration from the infringements in Hawaii as a result of their infringing actions in the United States.

~~91.~~98. Defendant~~s DOE 1's and DOE 2's~~ actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

## VIII. THIRD CLAIM FOR RELIEF
### (Direct Copyright Infringement against Defendants ~~Doe 3~~Techmodo and Segaran~~, Michael Nolasco and Brent Baldwin~~)

~~92.~~99. Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

~~93.~~100.    Plaintiff~~s UN4 Productions, Inc. is~~are the copyright owner~~s~~ of the Work~~s~~ which each contains an original work of authorship.

~~94.    Plaintiff Venice PI, LLC is the copyright owner of the Work which contains an original work of authorship.~~

~~95.    ~~Defendant~~s~~ Techmodo and Segaran ~~DOE 3~~ copied the constituent elements of the registered Works of Plaintiffs ~~UN4 Production, Inc. and Venice PI, LLC that are original.~~

~~96.~~101.    ~~Plaintiffs UN4 Productions, Inc. and Venice PI, LLC did not~~

20-015A

authorize, permit, or provide consent to Defendant DOE 3 to copy, reproduce, redistribute, perform, or display their Workand created torrent files for distributing the Works.s.

97.102.      As a result of the foregoing, Defendants Techmodo and Segaran DOE 3 violated the Plaintiff's exclusive right to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501.; (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

98.103.      Each of the Defendants Techmodo and Segaran DOE 3's infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

99.   Plaintiff Bodyguard Productions, Inc. is the copyright owner of the Work which contains an original work of authorship.

100.   Plaintiff MON, LLC is the copyright owner of the Work which

20-015A

contains an original work of authorship.

101.   Plaintiff Millennium Funding, Inc. is the copyright owner of the Work which contains an original work of authorship.

102.   Defendant Michael Nolasco copied the constituent elements of the registered Works of Plaintiffs Bodyguard Production, Inc., Venice PI, LLC, MON, LLC and Millennium Funding, Inc. that are original.

103.   Plaintiffs Bodyguard Production, Inc., Venice PI, LLC, MON, LLC and Millennium Funding, Inc. did not authorize, permit, or provide consent to Defendant Michael Nolasco to copy, reproduce, redistribute, perform, or display their Works.

104.   As a result of the foregoing, Defendant Michael Nolasco violated the exclusive right of Plaintiffs Bodyguard Production, Inc., Venice PI, LLC, MON, LLC and Millennium Funding, Inc. to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public

20-015A

capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

105. Each of the Defendant Michael Nolasco's infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

106. Defendant Brent Baldwin copied the constituent elements of the registered Works of Plaintiffs Bodyguard Productions, Inc. and Venice PI, LLC that are original.

107. Plaintiffs Bodyguard Productions, Inc. and Venice PI, LLC did not authorize, permit, or provide consent to Defendant Brent Baldwin to copy, reproduce, redistribute, perform, or display their Works.

108. As a result of the foregoing, Defendant Brent Baldwin violated the exclusive right of Plaintiffs Bodyguard Productions, Inc. and Venice PI, LLC to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17

34

20-015A

~~U.S.C. § 101's definition of "publicly" display.)~~

~~109.   Each of the Defendant Brent Baldwin's infringements was committed~~ ~~"willfully" within the meaning of 17 U.S.C. § 504(c)(2).~~

~~110.~~104.   By engaging in the infringement alleged in this First Amended Complaint, the Defendants deprived not only the producer of the Works from income that could have been derived when these films were shown in public theaters and offered for sale or rental, but also all persons involved in the production and marketing of this film, numerous owners of local theaters and retail outlets in Hawai'i and their employees, and, ultimately, the local economy.  The Defendants' misconduct therefore offends public policy.

~~111.~~105.   The Plaintiffs have suffered damages that were proximately caused by each of the Defendants' copyright infringements including, but not limited to lost sales, price erosion, and a diminution of the value of its copyright.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully requests that this Court:

(A) enter temporary, preliminary and permanent injunctions enjoining each Defendant from continuing to contribute to infringement of the Plaintiffs' copyrighted Works;

(B) Entry of an Order pursuant to 17 U.S.C §512(j) and/or 28 U.S.C §1651(a) that, Cloudflare and any other service provider cease providing service for the

20-015A

websites: (i) yifymovies.is; (ii) yts.ag; and (iii) yts.~~am~~ lt immediately cease said service;

(C) that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries and/or their administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants ~~DOE 1 and DOE 2~~ engage in the aforementioned infringements;

(D) award the Plaintiffs' actual damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages per Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E) award the Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) grant the Plaintiffs any and all other and further relief that this Court deems just and proper.

The Plaintiffs hereby demand a trial by jury on all issues properly triable by jury.


DATED: Kailua-Kona, Hawaii, ~~April 4~~October 24, 2019.

20-015A

CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs

20-015A