IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC, et al., | ) Civil No. 19-00169 LEK-KJM |
| | ) |
| Plaintiffs, | ) ORDER DENYING PLAINTIFFS' |
| | ) MOTION FOR RECONSIDERATION OF |
| vs. | ) ORDER [DOC. #32] DENYING |
| | ) PLAINTIFFS' UNOPPOSED EX PARTE |
| Doe 1, et al., | ) MOTION FOR LEAVE TO REQUEST |
| | ) ISSUANCE OF ORDER GRANTING |
| Defendants. | ) LETTERS OF REQUEST PRIOR TO A |
| | ) RULE 26(f) CONFERENCE [DOC. #27] |
| _____ | ) |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [DOC. #32] DENYING PLAINTIFFS' UNOPPOSED EX PARTE MOTION FOR LEAVE TO REQUEST ISSUANCE OF ORDER GRANTING LETTERS OF REQUEST PRIOR TO A RULE 26(f) CONFERENCE [DOC. #27]

On July 7, 2019, the following Plaintiffs filed a motion for reconsideration of this Court's July 1, 2019 Order Denying Plaintiffs' Unopposed Ex Parte Motion for Leave to Request Issuance of Order Granting Letters of Request Prior to a Rule 26(f) Conference and Order Granting Said Letters of Request ("July 1, 2019 Order"): Venice, PI, LLC; MON, LLC; Millennium Funding, Inc.; Bodyguard Productions, Inc.; TBV Productions, LLC; UN4Products, Inc.; and Hunter Killer Productions, Inc. ("Plaintiffs"). *See* ECF Nos. 27, 32, 34. The Court decides this motion for reconsideration without a hearing pursuant to Local Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of

Hawaii ("LR").  For the reasons further discussed in this order, the Court DENIES Plaintiffs' motion for reconsideration of this Court's July 1, 2019 Order.

BACKGROUND

The Court recited the background in this case in its July 1, 2019 Order.  In summary, Plaintiffs' April 4, 2019 Unopposed Ex Parte Motion for Leave to Request Issuance of Order Granting Letters of Request Prior to a Rule 26(f) Conference and Order Granting Said Letters of Request ("Motion for Letters"), sought the identity of Defendants, who allegedly operate websites that permit the websites' users to directly infringe on Plaintiffs' exclusive copyrights to a number of motion pictures ("the Works").  *See* ECF No. 32 at 2-3.  Plaintiffs allege that Defendants intentionally encouraged and connected users to torrent sources and/or sites that delivered unauthorized copies of the Works.  Plaintiffs thus contended that Defendants are liable for secondary copyright infringement.

Plaintiffs, however, had been unsuccessful at discovering Defendants' identities because Defendants used the internet anonymously when conducting their allegedly infringing activities.  Based on the information Plaintiffs had obtained regarding the registrars and server providers for the infringing websites operated by Defendants, Plaintiffs moved this Court to permit Plaintiffs to engage in early discovery, namely, Plaintiffs requested that this Court grant Plaintiffs leave to issue letters to courts in Iceland, France, and the Netherlands.  Plaintiffs asserted

that these letters would compel the specific registrars and server providers in these countries to relinquish identifying information regarding Defendants.

This Court denied Plaintiffs' Motion for Letters, finding that Plaintiffs failed to establish "good cause" to permit Plaintiffs to engage in early international discovery to identify Defendants. Specifically, this Court concluded that Plaintiffs failed to: identify Defendants with sufficient specificity; demonstrate that they could withstand a motion to dismiss; and establish a reasonable likelihood that the discovery Plaintiffs requested would lead to the identification of Defendants such that Plaintiffs could effect service of process. Plaintiffs move this Court to reconsider its decision.

## LEGAL STANDARD

LR 60.1 provides for three grounds for reconsideration of an interlocutory order:

(a) Discovery of new material facts not previously available;
(b) Intervening change in law; or[1]
(c) manifest error of law or fact.

LR 60.1.

---

[1] The Court notes that the Local Rules of Practice for the United States District Court for the District of Hawaii, effective September 1, 2019, states in pertinent part, " . . . [i]ntervening change in law; **and/or** . . ." (emphasis added). The Court, however, is citing the previous LR 60.1 because the present Motion was filed before the amendments were in effect.

The Ninth Circuit requires that a successful motion for reconsideration must accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## DISCUSSION

In its July 1, 2019 Order, this Court denied Plaintiffs' request for issuance of an order granting letters of request prior to a Federal Rule of Civil Procedure 26(f) conference, finding that Plaintiffs failed to show good cause for the issuance of the letters. This Court found that Plaintiffs failed to satisfy three of the four factors the Court considered on whether to permit early discovery. Specifically, the Court

4

found that Plaintiffs failed to identify the Defendants with specificity, that they could not withstand a motion to dismiss and that the discovery would not likely lead to the identification of the Does.

Plaintiffs argue that (1) the originally plead facts and newly discovered facts establish that this Court has jurisdiction pursuant to the federal long-arm statute and the Hawaii long-arm statute, (2) Plaintiffs have alleged sufficient facts establishing that Defendants Doe 1 and Doe 2 ("Defendants") knew that they would cause harm in Hawaii, (3) Plaintiffs have demonstrated that there is a reasonable likelihood that the discovery requested will lead to the identification of the Defendants such that Plaintiffs may effect service of process, (4) the Law of the Case doctrine precludes the conclusion regarding lack of personal jurisdiction, and (5) personal jurisdiction can be waived.  ECF No. 34.  Plaintiffs thus request that this Court reconsider its July 1, 2019 Order.

A.   Federal Long-Arm Statute

To exercise jurisdiction under Federal Rule of Civil Procedure 4(k)(2), the federal long-arm statute, (1) the claim arises under federal law, (2) the defendant must not be subject to jurisdiction of any state court of general jurisdiction, and (3) exercising jurisdiction must comport with due process.  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).  Plaintiffs argue that it was manifest error of law and fact for this Court not to consider the federal long-

arm statute in its July 1, 2019 Order when considering jurisdiction. The Court disagrees.

First, Plaintiffs included only one sentence in their Motion for Letters regarding the federal long-arm statute: "Alternatively, the Plaintiffs assert that the Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), the so called federal long-arm statute. *See* Complaint [Doc. #1] at ¶¶ 11-13." *See* ECF No. 27-1 at 9. Plaintiffs did not include any other arguments regarding their position on the federal long-arm statute. Second, the paragraphs in the Complaint Plaintiffs referenced in their Motion for Letters is equally deficient. Plaintiffs did not explain why Defendants were not subject to jurisdiction of any state court of general jurisdiction nor did Plaintiffs provide facts establishing how exercising jurisdiction comports with due process.

It is not the Court's function to make the arguments for the parties. "Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Plaintiffs' bare assertion of the federal long-arm statute does not warrant the Court's analysis simply because it was raised. *See Id*. at 930 ("Absent argument, we decline to pick through the many detailed sections and subsections in an effort to match the statutes and regulations with a preemption theory not articulated to us."); *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer,*

*Ltd.*, No. 2:12-CV-00231-KJD, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013) ("[T]he burden of representation lies upon [the parties], and not upon the Court.").

Without any arguments made by Plaintiffs in their Motion for Letters, this Court was not obligated to make the argument that exercise of jurisdiction under the federal long-arm statute was proper. Nor is the Court obligated to consider Plaintiffs' arguments on this issue in their motion for reconsideration. The Court thus rejects Plaintiffs' assertion that it was error to disregard jurisdiction under the federal long-arm statute.

B.   Hawaii Long-Arm Statute

Plaintiffs take issue with this Court's conclusion that Plaintiffs failed to plead facts sufficient to demonstrate that this Court could exercise jurisdiction under Hawaii's long-arm statute. Specifically, Plaintiffs argue that they sufficiently alleged that the websites are narrowly tailored according to the geolocation of the websites' users. In addition, Plaintiffs disagree with this Court's finding that Plaintiffs failed to plead sufficient facts to establish that Defendants' actions harm Hawaii.

First, Plaintiffs' Motion for Letters argued that the websites stream motion pictures to Hawaii users and that the mere act of the streaming is evidence that Internet Protocol ("IP") addresses in Hawaii are being targeted by Defendants' websites. ECF No. 27-1 at 7-8. In support, Plaintiffs' investigator states that he

7

used the software program Wireshark to record the IP addresses acting as server and/or proxy server for Defendants' websites and/or streaming sources while investigating the website. ECF No. 1-4 at 26. Plaintiffs' investigator then provides a table showing the IP addresses and times while the investigator was using the website. *Id*. Neither Plaintiffs' motion for reconsideration nor the investigator's Declaration explains how that establishes that the websites are narrowly tailored according to the geolocation of the websites' users so as to establish specific jurisdiction-the first part of Hawaii's minimum contacts test.

As explained in this Court's July 1, 2019 Order, the exercise of specific jurisdiction over a nonresident is analyzed by applying a three-part "minimum contacts test" ("Contacts Test"). ECF No. 32 at 11. The Contacts Test requires purposeful availment or purposeful direction, forum related activities, and the reasonable exercise of jurisdiction. *Id*. Failure to satisfy any of the foregoing three parts would deprive the defendant of due process of law. *Id*. at 11-12.

Regarding the first part of the Contacts Test, the Court explained that a "purposeful direction" analysis was more appropriate for claims sounding in torts, such as copyright infringement claims, than a purposeful availment test. ECF No. 32 at 12. Purposeful direction requires an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state. *See Id*. Evidence of such direction usually consists of the defendants'

8

actions outside the forum state directed at the forum, such as distribution of goods. *Id*. (citing *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802-03 (9th Cir. 2004)). Plaintiffs were thus required to allege facts establishing that Defendants' actions were expressly aimed at Hawaii and that Hawaii users were deliberated targeted. *See Schwarzenegger*, 374 F.3d at 807 (listing examples of "expressly aiming" activity).

Plaintiffs make the same argument in their motion for reconsideration that they made in their Motion for Letters regarding this purposeful direction—that users in Hawaii are capable of accessing the website, that an advertisement banner appears when the websites are accessed, and that such banners are related to the forum state of the user. The Court, however, finds a distinction between purposefully directing activity to a state versus directing advertisements to a state once a user from that state accesses the website. Simply being able to access the websites from Hawaii does not establish that Defendants purposefully directed activity toward Hawaii. Nor does the fact that once a user accesses the websites, advertisements specific to that location are presented to the user.

As explained by the Ninth Circuit, "[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 112

9

(1987)). "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1231 (9th Cir. 2011). "Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id.* (citing *Asahi Metal Indus. Co*., 480 U.S. at 112).

Plaintiffs allege facts indicating only that Defendants have created websites that have "swept" into Hawaii. Plaintiffs attempt to inflate this fact into something more without any additional facts to support the contention that Defendants specifically targeted Hawaii. Factual allegations, however, must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint cannot survive a Federal Rule of Civil Procedure 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiffs' facts do not even suggest the mere possibility that the websites were purposefully directed at Hawaii. The Court thus declines to reconsider its conclusion that Plaintiffs failed to provide sufficient facts to establish purposeful direction.

Second, Plaintiffs argue that the fact that Hawaii residents were induced to infringe Plaintiffs' Works establishes that Defendants knew harm would be suffered in Hawaii. ECF No. 34 at 12. Plaintiffs also contend that Plaintiffs lost money from potential sales of the Works due to the infringement and that Hawaii's government lost potential tax revenue from the infringements in Hawaii. *Id*. Plaintiffs do not appear to fully understand the harm prong of the purposeful direction analysis.

"Where, as here, a party brings a claim for infringement of intellectual property, the Ninth Circuit has held that '[i]t is foreseeable that the loss will be inflicted both in the forum where the infringement took place . . . and where the copyright holder has its principal place of business.'" *Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*, 191 F. Supp. 3d 1007, 1017 (N.D. Cal. 2016) (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012)). Plaintiffs do not allege any facts establishing that Defendants created or maintained the website in Hawaii, nor are there any facts indicating that Plaintiffs' principal place of business is in Hawaii.

The Court acknowledges that there are other ways to establish jurisdictional harm sufficient to demonstrate purposeful direction; however, the Court finds that personal jurisdiction cannot be established simply by pointing to acts of third persons and including a general statement about Plaintiffs' harm in the form of

11

"potential sales." *See e.g., Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006). "[W]hen a 'website advertiser [does] nothing other than register a domain name and post an essentially passive website' and nothing else is done 'to encourage residents of the forum state,' there is no personal jurisdiction." *Id*. at 1157 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2000)); *see also Schwarzenegger*, 374 F.3d at 807 ("It may be true that [the defendant's] intentional act eventually caused harm to [the plaintiff] in California, and [the defendant] may have known that [the plaintiff] lived in California. But this does not confer jurisdiction, for [the defendant's express aim was [in Ohio].")."[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden v. Fiore*, 571 U.S. 277, 291 (2014). "[A]n injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id*. Plaintiffs fail to allege facts evincing that Defendants had a connection to Hawaii. Plaintiffs could experience the same alleged harms in the location of Plaintiffs' principal place of business. Thus, the Court finds the effects of Defendants' conduct on Plaintiffs are not a proper basis for jurisdiction. *Id*. ("Petitioner's relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.").

The Court finds Plaintiffs' alleged harms insufficient to establish purposeful availment and thus, could not withstand a motion to dismiss. The Court is not persuaded that reconsideration is warranted.

C.     Likelihood of Discovery

Plaintiffs contend that they have shown a reasonable likelihood that the proposed discovery will lead to the identification of DOE 1 and DOE 2 in order to serve them. Plaintiffs reiterate their arguments in their Motion for Letters. With regards to this issue, Plaintiffs have not provided anything new to the Court nor have they argued that there was an intervening change in law or that this Court made a error of law or fact. Plaintiffs have to provide more than the mere disagreement with the Court's previous ruling in order to meet the standard for reconsideration on this issue.

D.     Law of the Case Doctrine

Plaintiffs argue that this Court failed to apply the law of the case doctrine. Plaintiffs argue that they addressed the issue of personal jurisdiction in their Ex Parte Application for Entry of Temporary Restraining Order and Preliminary Injunction filed on April 4, 2019 ("Application"). ECF. No. 7. Plaintiffs contend that because the district court's Entering Orders of April 8, 2019 and April 15, 2019 did not mention the issue of personal jurisdiction that there is no issue with regards to personal jurisdiction. Thus, Plaintiffs' argue that the law of the case

doctrine would find that this Court would not be able to question the issue of personal jurisdiction. In other words, personal jurisdiction exists because the district court did not raise it as an issue. Plaintiffs' argument is without merit.

The law of the case doctrine "generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (quoting *Musacchio v. United States*, --- U.S.---, 136 S. Ct. 709, 716, 193 L. Ed. 2d 639 (2016) (citation omitted)). It "applies most clearly where an issue has been decided by a higher court; in that case, the lower court is precluded from reconsidering the issue and abuses its discretion in doing so except in the limited circumstances the district court identified." *Id*. (citations omitted). However, the doctrine "does not preclude a court from reassessing its own legal rulings in the same case." *Id*.

Plaintiffs' use of the law of the case doctrine is misapplied. The district court did not make any ruling regarding personal jurisdiction therefore, with regards to personal jurisdiction, there is no law of the case. Plaintiffs are wrong to imply that the lack of mention of personal jurisdiction in the district court's orders means that personal jurisdiction has been met or the district court made a ruling on the issue. Thus, the Court declines to reconsider its July 1, 2019 Order.

E.     Waiver of Personal Jurisdiction

Plaintiffs argue that since personal jurisdiction can be waived, this Court should not conclude that there is a lack of personal jurisdiction. Plaintiffs are correct for the proposition that personal jurisdiction can be waived. *See Dow Chem. Co. v. Calderon*, 422 F. 3d 827 (9th Cir. 2005); *see also Ins. Corp. of Ireland v. Compagnie des Buxites de Guinee*, 456 U.S. 694 (1982). However, the Court's decision of whether to allow discovery upon unknown persons can not be based upon the mere possibility that the unknown person will waive jurisdiction. Without more from the Plaintiffs, the Court does not see a need for reconsideration.

F.     New Information

Although a large portion of Plaintiffs' motion for reconsideration takes issue with this Court's reasoning in the July 1, 2019 Order, Plaintiffs also contend that they have discovered new material facts regarding Defendants. First, Plaintiffs contend that subsequent to filing the Motion for Letters they discovered that DOE 1 is Nguyen Manh, a Vietnamese national and that he used United States providers for his website. Second, Plaintiffs state that from April 11, 2019 to May 23, 2019, their counsel was in contact with a Mr. Segaran who represented to Plaintiffs' counsel that he represented DOE 2, but whose identity Mr. Segaran declined to

disclose.[2] ECF No. 34-1 at 3. In addition, Plaintiffs claim that the DOE 2's websites are hosted by IP addresses owned by a company located in New York. *Id*. Plaintiffs contend that the newly discovered evidence satisfies the minimum contacts of the Federal long-arm statute. As discussed above, as well as in this Court's July 1, 2019 Order, Plaintiffs have still failed to explain why Defendants were not subject to jurisdiction of any state court of general jurisdiction or provide facts to show the exercising of jurisdiction comports with due process. The supposedly new evidence does not provide anything new to the minimum contacts argument.

Moreover, Plaintiffs fail to show why this information could not have been provided earlier. The Motion for Letters was filed on May 10, 2019. Plaintiffs' attorney was in contact with Mr. Segaran beginning in April 2019. Plaintiffs had the opportunity to obtain information to be included in the Motion for Letters. Further, Plaintiffs obtained the information about DOE 1's identity on May 23, 2019, less than two weeks after the filing of the Motion for Letters. The Court questions whether Plaintiffs should have done more to obtain the necessary information before filing the Motion for Letters. Nevertheless, the Court finds that

---

[2] On October 28, 2019, the Court issued an Entering Order recognizing that Mr. Segaran is not a Defendant to this action. ECF No. 51.

Plaintiffs' alleged new evidence does not persuade the court to change its previous Order.

Plaintiffs have failed to present a basis for reconsideration having neither provided facts or law of a strongly convincing nature to induce the Court to reconsider its prior decision. The mere disagreement with the Court's analysis is insufficient to warrant reconsideration.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiffs' Motion for Reconsideration of Order [Doc. #32] Denying Plaintiffs' Unopposed Ex Parte Motion for Leave to Request Issuance of Order Granting Letters of Request prior to a Rule 26(f) Conference [Doc. #27], filed July 9, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2019



Kenneth J. Mansfield
United States Magistrate Judge

*Venice PI, LLC, et. al. v. Doe 1, et. al.*, CV 19-00169 LEK-KJM; ORDERING DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER [DOC. #32] DENYING PLAINTIFFS' UNOPPOSED EX PARTE MOTION FOR LEAVE TO REQUEST ISSUANCE OF ORDER GRANTING LETTERS OF REQUEST PRIOR TO A RULE 26(f) CONFERENCE [DOC. #27]