CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:      kculpepper@culpepperip.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC,<br>MON LLC,<br>Millennium Funding, Inc.,<br>Bodyguard Productions, Inc.,<br>TBV Productions, LLC,<br>UN4 Productions, Inc., and<br>Hunter Killer Productions, Inc.<br><br>       Plaintiffs,<br>  vs.<br><br>NGUYEN DINH MANH,<br>TECHMODO LTD, AND<br>SENTHIL VIJAY SEGARAN<br><br>       Defendants. | **Case No.: 1:19-cv-169-LEK-KJM**<br>(Copyright)<br><br>**FIRST AMENDED COMPLAINT;**<br>**EXHIBITS 1-3; DECLARATIONS**<br>**OF ERIC SMITH, MICHAEL**<br>**NOLASCO, BRENT BALDWIN**<br>**AND TIME TRAVIS LAAPUI**<br><br>**(1) CONTRIBUTORY**<br>    **COPYRIGHT**<br>    **INFRINGEMENT**<br>**(2) INTENTIONAL**<br>    **INDUCEMENT**<br>**(3) DIRECT COPYRIGHT**<br>    **INFRINGEMENT** |

## FIRST AMENDED COMPLAINT

Plaintiffs Venice PI, LLC, MON LLC, Millennium Funding, Inc., Bodyguard

Productions, Inc., TBV Productions, LLC, UN4 Productions, Inc., and Hunter Killer

20-015A

Productions, Inc., (collectively "Plaintiffs") file this First Amended Complaint against Defendants Nguyen Dinh Manh (previously identified as DOE 1), Techmodo Limited (previously DOE 2) and Senthil Vijay Segaran (previously DOE 2) (collectively "Defendants"), and allege as follows:

## I.     NATURE OF THE ACTION

1.     Plaintiffs bring this action under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the Copyright Act") and allege that Defendants are liable for inducement, and direct and contributory copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

## II.     JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4.     Defendants solicit, transact, or are doing business within this jurisdiction, and have committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction.

5.     Defendants cause harm to Plaintiffs' business within this District by diverting customers in this District to unauthorized Internet-based content distribution services through, at least, the websites yifymovies.is, yts.lt and yts.ag.

20-015A

6.     Defendants have designed their interactive websites to individually target Hawaii users based upon their personal information such as web browsing history.

7.     Upon information and belief, Defendants collect log files including the Internet Protocol ("IP") address, Internet Service Provider ("ISP") and browser type of each user who visits their websites.

8.     Upon information and belief, Defendants use cookies and web beacons to store information such as personal preferences of users who visit their websites.

9.     Upon information and belief, Defendants obtain financial benefit from their users in Hawaii via third party advertisements such as Google through the Google AdSense program.

10.    Upon information and belief, Defendants use the cookies, log files and/or web beacons to narrowly tailor the website viewing experience to the geolocation of the user.  Particularly, users in Hawaii receive advertisements based upon their location and websites they have previously visited.

11.    In the alternative, the Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), the so-called federal long-arm statute, for at least the following reasons: (1) Plaintiffs' claims arise under federal law; (2) the Defendants purposely directed their electronic activity into the United States and target and attract a substantial number of users in the United States and, more particularly, this District; (3) Defendants do

20-015A

3

so with the manifest intent of engaging in business or other interactions with the United State; (4) the Defendants are not subject to jurisdiction in any state's courts of general jurisdiction; and (5) exercising jurisdiction is consistent with the United States Constitution and laws.

12.    Defendants use many United States based sources for their activities such as the Internet hosting and nameserver company Cloudflare, Inc.

13.    Defendants consented to jurisdiction in the United States per Cloudflare's terms of service.

14.    Defendants promote overwhelmingly if not exclusively motion pictures produced by United States companies on their websites.

15.    Defendant Nguyen Dinh Manh ("Nguyen") used the United States Internet hosting provider Choopa, LLC for hosting services of the YIFY website.

16.    Defendant Nugyen used the United States provider Paypal to receive payments from advertising funds received as a result of clicks to advertisements on his interactive YIFY website.

17.    Defendant Nguyan used the United States email provider Google to operate his interactive YIFY website.

18.    Defendant Nguyen used the United States registrar Namecheap to register his domain yifymovies.is, and thereby consented to jurisdiction in the United States per Namecheap's terms of service.

4

20-015A

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District; and (c)(3) any of the Defendants not a resident of the United States may be sued in this District.

### III.   PARTIES

### A.   The Plaintiffs

20.     The Plaintiffs are owners of the copyrights for the motion pictures (hereafter: "Works"), respectively, as shown in Exhibit "1" and listed below.

| OWNER | MOTION PICTURE | Copyright Certificate Number |
|---|---|---|
| Venice PI, LLC | *Once Upon a Time in Venice* | PA2039391 |
| MON LLC | *Singularity* | PAu3848900 |
| Millennium Funding, Inc. | *Mechanic: Resurrection* | PA1998057 |
| Bodyguard Productions, Inc. | *The Hitman's Bodyguard* | PAu3844508 |
| TBV Productions, LLC | *I Feel Pretty* | Pau3896491 |
| UN4 Productions, Inc. | *Boyka: Undisputed* | PA0002000772 |
| Hunter Killer Productions, Inc. | *Hunter Killer* | PA2136168 |

### B.   The Defendants

21.     Defendant Nguyen is a resident of Vietnam.

20-015A

22.     Defendant Nguyen operated an interactive website http://yifymovies.is (hereafter: "YIFY Website") until about May 23, 2019.

23.     The YIFY website included a library of copyright protected motion pictures, including Plaintiffs', that could be streamed by users for free.

24.     Defendant Nguyen stated on the YIFY website, "Welcome to the official YIFY website. Here you will be able to browse and watch YIFY Movies online for free in excellent BluRay quality with the English subtitle."



25.     Defendant Nguyen operated many other piracy websites such as gomoviesfree.is, fmoviesfree.is, watchasap.is, yesmovies.to, 9movies.is and 123movies.is which provided similar streaming services of copyright protected motion pictures.

20-015A

26.     Defendant Nguyen's websites 123movies.is and fmoviesfree.is were noted by the Office of the United States Trade Representative ("USTR") as examples of Notorious Markets defined as an online marketplace reportedly engaged in and facilitating substantial piracy. *See* USTR, *2018 Out-of-Cycle Review of Notorious Markets*, April 2019, pgs. 2, 4, 18, Available at https://ustr.gov/sites/default/files/2018_Notorious_Markets_List.pdf [accessed on June 13, 2019].

27.     Defendant Techmodo Limited ("Techmodo") is a private limited company incorporated under the laws of England and Wales.

28.     Defendant Senthil Vijay Segaran ("Segaran") is an individual residing in England and is the sole shareholder in Techmodo.

29.     Defendants Techmodo and Segaran operate and/or exercise control over an interactive website www.yts.lt (hereafter: "YTS website") which includes a library of torrent files for copyright protected motion pictures, including Plaintiffs'.  The torrent files can be used by a BitTorrent client application to download motion pictures for free.  Upon information and belief, Defendants Techmodo and Segaran previously operated the websites yts.gg, yts.am and yts.ag, which now redirects to yts.lt.

20-015A

30.    Defendants Techmodo and Segaran state on the YTS website, "Here you will be able to browse and download YIFY movies in excellent 720p, 1080p and 3D quality…"



31.    Defendants Techmodo and Segaran begin redirecting the YTS website to the domain yts.lt on or about June 3, 2019 in response to the present litigation.

32.    Upon information and belief, Defendants Techmodo and Segaran operate and/or exercise control over many other movie piracy websites such as piratetorrents.net, limetorrents.cc, yourbittorrent.com, rarbg.to, torrentbutler.eu, piratetorrents.net, thepiratebay.se.net, torrentz.eu, 1337x.to and extratorrent.cc which provided similar torrent files for distributing copyright protected motion pictures.

20-015A

33.     Defendant Techmodo's websites rarbg.to and thepiratebay.se.net were noted by the USTR as example of a Notorious Market. *See* USTR *supra* at pgs. 24, 27.

## IV.   JOINDER

34.     Pursuant to Fed. R. Civ. P. 20(a)(1), each of the Plaintiffs are properly joined because, as set forth in detail above and below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the distribution of and use of YIFY and YTS websites for streaming and distributing Plaintiffs' Works; and (b) that there are common questions of law and fact.

35.     Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the distribution of Plaintiffs' Works via the YIFY and YTS websites of Defendants; and (b) there are common questions of law and fact.

## V.   FACTUAL BACKGROUND

### A.  The Plaintiffs Own the Copyrights to the Works

36.     The Plaintiffs are the owners of the copyright in the Works, respectively.  The Works are the subjects of copyright registrations, and this action is brought pursuant to 17 U.S.C. § 411.  *See* Exhibit "1".

9

37.    Each of the Works are motion pictures currently offered for sale in commerce.

38.    Defendants had notice of Plaintiffs' rights through at least the credits indicated in the content of the motion pictures which bore proper copyright notices.

39.    Defendants also had notice of Plaintiffs' rights through general publication and advertising associated with the motion picture, and packaging and copies, each of which bore a proper copyright notice.

### B.  The YIFY and YTS websites

40.    Upon information and belief, the name YIFY mentioned in the YIFY website and the YTS website is derived from the name Yiftach Swery, the founder of YIFY Torrent Solutions.

41.    Upon information and belief, the name YTS mentioned in the YTS website is an abbreviation of YIFY Torrent Solutions.

42.    Upon information and belief, the YIFY website is streaming motion pictures from at least torrent sources of the YTS library.

43.    Upon information and belief, both YIFY and YTS are operating in concert.  Both the YIFY and YTS websites include what appears to be the same trademark – namely a green semi-circle with three large full circles and one small full circle therein akin to a traditional movie reel with film extending therefrom.

20-015A





44.    The YIFY website of Defendant Nguyen allowed users to stream Plaintiffs' Works.

45.    Defendant Nguyen does not have a license from Plaintiffs to publicly perform or stream copies of Plaintiffs' Works.

46.    Upon information and belief, the YIFY website of Defendant Nguyen is using source repositories (including those associated with Defendants Techmodo and Segaran) to allow users to stream copyright protected content, including Plaintiffs' Works.

47.    Upon information and belief, the YTS website of Defendants Techmodo and Segaran is providing torrent files, many including the name "YTS" in their file names, that can be used by a BitTorrent protocol client application protocol to download copyright protected content, including Plaintiffs' Works from Torrent sites.    Exhibit "2" (Mechanic Resurrection (2016) [YTS.AG] and Singularity (2017) [YTS.AG]).

48.    Upon information and belief, Defendants Techmodo and Segaran use a process referred to as "ripping" to create a copy of motion pictures from either Blu-ray or legal streaming services.

20-015A

49.     Defendants Techmodo and Segaran sometimes includes words such as "YTS" in the titles of the torrent files they create in order to enhance their reputation for the quality of his torrent files and attract users to their interactive YTS website.

50.     Torrent sites are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.  When a user of Defendants Techmodo and Segaran's YTS website select a motion picture, the user receives a torrent file associated with that motion picture. The user can use a BitTorrent protocol client application to run the torrent file to download a copy of the motion picture.

51.     Defendants Techmodo and Segaran do not have a license from Plaintiffs to copy, publicly perform or distribute copies of Plaintiffs' Works.

52.     Users of the websites of Defendants use the websites for their intended and unquestionably infringing purposes, most notably to obtain immediate, unrestricted, and unauthorized access to unauthorized copies of Plaintiffs' Copyrighted Works.

53.     Defendants promote their websites for overwhelmingly, if not exclusively, infringing purposes, and that is how the users use the websites.

54.     The commercial value of Defendants' websites depends on high-volume use of unauthorized content through the website. Defendants promise their users reliable and convenient access to all the content they can watch and users visit

20-015A

the websites based on Defendants' apparent success in delivering infringing content to their customers.

55.    Defendant Nguyen streamed copies of the motion picture *Once Upon A Time In Venice* via the YIFY website.



56.

57.    Defendant Nguyen streamed copies of the motion picture *Mechanic: Resurrection* via the YIFY website.

20-015A



58.

59.     Defendant Nguyen streamed copies of the motion picture *I Feel Pretty* via the YIFY website.

20-015A



60.

61.    Defendant Nugyen streamed copies of the motion picture *Hunter Killer* via the YIFY website.

20-015A



62.

63.     Plaintiffs' agents monitored the Internet traffic associated with the YIFY website while streaming the motion pictures and recorded the IP addresses which are likely the sources of the content.  Exhibit "3".

64.     One of the IP addresses (169.54.206.44) shown in Exhibit "3" is controlled by the US Company Zeta Global, Inc., which operates an Internet comment platform called "Disqus".

65.     Defendant Nguyen hid links for streaming Plaintiffs' motion pictures

20-015A

in comments in the Disqus comment platform provided by the US company Zeta Global.

66.     Michael Nolasco, a resident of Hawaii, used the YTS website of Defendants Techmodo and Segaran to copy and share multiple copies of the motion picture *The Hitman's Bodyguard* on Sept. 3, 2017 to Sept. 27, 2017 at IP address 72.234.162.87.  *See* Decl. of Nolasco at ¶7.

67.     Michael Nolasco used the YTS website to copy the motion picture *Once Upon a Time in Venice* on November 19, 2017 at IP address 72.234.162.87.

68.     Michael Nolasco used the YTS website to copy the motion picture *Mechanic: Resurrection* on December 24, 2017 at IP address 72.234.162.87.  *See* Id. at ¶5.

69.     Michael Nolasco used the YTS website to copy the motion picture *Singularity* on February 13, 2018 at IP address 72.234.162.87.  *See* Id. at ¶6.

70.     Michael Nolasco used the YIFY website of Defendant Nguyen to stream at least a portion of the motion picture *Hitman's Bodyguard* sometime in or after 2017.  *See* Id. at ¶8.

71.     Brent Baldwin, a resident of Hawaii, used the YTS website of Defendants Techmodo and Segaran to copy a portion of the motion picture *The Hitman's Bodyguard* on Nov. 2, 2017 at IP address 174.239.5.113.  *See* Decl. of Baldwin at ¶9.

20-015A

72.    Brent Baldwin used the YTS website to copy a portion of the motion picture *Once Upon a Time in Venice* on Feb. 11, 2018 at IP address 174.239.5.113. *See* Id. at ¶8.

73.    Brent Baldwin used the YIFY website of Defendant Nguyen to stream copies of the motion pictures *Singularity* and *Mechanic: Resurrection* in 2017.  *See* Id. at ¶¶3, 7.

74.    Brent Baldwin and Michael Nolasco were motivated to infringe Plaintiffs' Works from the promotional language of Defendants' YIFY and YTS websites.

75.    Brent Baldwin and Michael Nolasco used Defendants' YIFY and YTS websites exactly as instructed by Defendants to infringe the Works.

## VI. FIRST CLAIM FOR RELIEF
### (Intentional Inducement)

76.    Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

77.    Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

78.    Defendants have actual knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.

79.     Defendants intentionally induced the infringement of Plaintiffs'

20-015A

exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform and distribute copies of Copyrighted Works.

80.    As intended and encouraged by Defendant Nguyen, the YIFY website connects users to sources and/or sites that publicly perform copies of Plaintiffs' Copyrighted Works.  The operators of these sources directly infringe Plaintiffs' exclusive rights by providing unauthorized public performances of the works to the public, including to users of Defendant Nugyen's website.

81.    These operators, or others operating in concert with them, control the facilities and equipment used to store and distribute the content, and they actively and directly cause the content to be performed when users click on a link for the content on the YIFY website of Defendant Nguyen.

82.    As intended and encouraged by Defendants Techmodo and Segaran, the YTS website provides torrent files that connect users to Torrent sources and/or sites that deliver copies of Plaintiffs' Copyrighted Works.  The operators of these Torrent sources directly infringe Plaintiffs' exclusive rights by providing unauthorized copies of the works to the public, including to users of Defendants Techmodo and Segaran's website.

83.    Once the user of Defendants Techmodo and Segaran's website has obtained a complete copy of the Plaintiffs' Copyrighted Works, that particular user also becomes another Torrent source that delivers copies of Plaintiffs' Copyrighted

20-015A

Works.

84.     Defendants Techmodo and Segaran induce the aforementioned acts of infringement by supplying the torrent files that facilitate, enable, and create direct links between their users and the infringing Torrent sources, and by actively inducing, encouraging and promoting the use of the website for blatant copyright infringement.

85.     Defendants Techmodo and Segaran's intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

86.     Defendants' inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of the Plaintiffs.

87.     Defendants' actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

## VII. SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement based upon Material Contribution)

88.     Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

89.     Defendants have actual or constructive knowledge of infringement of Plaintiffs' exclusive rights under the Copyright Act.  Defendants knowingly and

20-015A

materially contribute to such infringing activity.

90.    Defendant Nguyen knowingly and materially contributes to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform their works. Defendant Nguyen designs and promotes the use of the YIFY website to connect customers to unauthorized online sources that stream copies of Plaintiffs' Copyrighted Works.  The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing copies of the works to the public, including to users of the YIFY website. The operators, or others operating in concert with them, control the facilities and equipment used to store and deliver copies of the content, and they actively and directly cause the content to be streamed when users click on a link of the YIFY website for the content.

91.    Defendant Nguyen knowingly and materially contributes to the aforementioned acts of infringement by supplying the YIFY website that facilitates, encourages, enables, and creates direct links between website users and infringing operators of the streaming services, and by actively encouraging, promoting, and contributing to the use of the website for blatant copyright infringement.

92.    Defendants Techmodo and Segaran knowingly and materially contribute to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to distribute their works.

20-015A

Defendants Techmodo and Segaran design and promote the use of the YTS website to provide torrent files that connect customers to unauthorized online torrent sources to download copies of Plaintiffs' Copyrighted Works.  The operators of these torrent sources directly infringe Plaintiffs' distribution rights by providing copies of the Works to the public, including to YTS website users. The operators, or others operating in concert with them, control the facilities and equipment used to store and deliver copies of the the content, and they actively and directly cause the content to be distributed when users run the torrent file obtained from the YTS website.

93.    Defendants knowingly and materially contributes to the aforementioned acts of infringement by supplying the website that facilitates, encourages, enables, and creates direct links between website users and infringing operators of the streaming and Torrent services, and by actively encouraging, promoting, and contributing to the use of the website for blatant copyright infringement.

94.    Defendants' knowing and material contribution to the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

95.    Defendants' knowing and material contribution to the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

96.    As a direct and proximate result of the infringement to which

20-015A

Defendants knowingly and materially contributes, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial.

97.    Defendants obtained a direct financial interest, financial advantage, and/or economic consideration from the infringements in Hawaii as a result of their infringing actions in the United States.

98.    Defendants' actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

## VIII. THIRD CLAIM FOR RELIEF
### (Direct Copyright Infringement against Defendants Techmodo and Segaran)

99.    Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

100.   Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

101.   Defendants Techmodo and Segaran copied the constituent elements of the registered Works of Plaintiffs and created torrent files for distributing the Works.

102.   As a result of the foregoing, Defendants Techmodo and Segaran violated the Plaintiff's exclusive right to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501.

103.   Each of the Defendants Techmodo and Segaran's infringements was

20-015A

committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

104.   By engaging in the infringement alleged in this First Amended Complaint, the Defendants deprived not only the producer of the Works from income that could have been derived when these films were shown in public theaters and offered for sale or rental, but also all persons involved in the production and marketing of this film, numerous owners of local theaters and retail outlets in Hawai'i and their employees, and, ultimately, the local economy.  The Defendants' misconduct therefore offends public policy.

105.   The Plaintiffs have suffered damages that were proximately caused by each of the Defendants' copyright infringements including, but not limited to lost sales, price erosion, and a diminution of the value of its copyright.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully requests that this Court:

(A) enter temporary, preliminary and permanent injunctions enjoining each Defendant from continuing to contribute to infringement of the Plaintiffs' copyrighted Works;

(B) Entry of an Order pursuant to 17 U.S.C. §512(j) and/or 28 U.S.C §1651(a) that, Cloudflare and any other service provider cease providing service for the websites: (i) yifymovies.is; (ii) yts.ag; and (iii) yts.lt immediately cease said service;

(C) that, upon Plaintiffs' request, those in privity with Defendants and those

20-015A

with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries and/or their administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants engage in the aforementioned infringements;

(D) award the Plaintiffs' actual damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages per Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E) award the Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) grant the Plaintiffs any and all other and further relief that this Court deems just and proper.

The Plaintiffs hereby demand a trial by jury on all issues properly triable by jury.

DATED: Kailua-Kona, Hawaii, October 24, 2019.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs

20-015A