CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs
Venice PI, LLC,
MON LLC,
Millennium Funding, Inc.,
Bodyguard Productions, Inc.,
TBV Productions, LLC,
UN4 Productions, Inc., and
Hunter Killer Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| Venice PI, LLC et al., | ) **Case No.: 1:19-cv-169-LEK-KJM** |
|---|---|
| Plaintiffs, | ) **(Copyright)** |
| vs. | ) **JOINT REPORT OF MEETING** |
| NGUYEN DINH MANH et. al., | ) **PURSUANT TO FED. R. CIV. P.** |
| | ) **26(f) AND LR 26.1 BETWEEN** |
| Defendants. | ) **PLAINTIFFS AND DEFENDANTS** |
| | ) **TECHMODO LIMITED AND** |
| | ) **SENTHIL VIJAY SEGARAN** |
| | ) |
| | ) SCHEDULING CONFERENCE |
| | ) DATE: 1/6/2020 @ 9:30 AM |
| | ) BEFORE MAGISTRATE JUDGE |
| | ) KENNETH J. MANSFIELD |

**PLAINTIFFS' REPORT OF MEETING PURSUANT TO FED. R. CIV. P. 26(f) AND   LR 26.1**

1. The following persons participated in a Rule 26(f) conference on **October**

**21, 2019** and **November 5, 2019** via email:
Kerry S. Culpepper, representing the Plaintiffs, and
Senthil Vijay Segaran, *pro se* and on behalf of Techmodo Limited ("Defendants")

2. Initial Disclosures. The parties have agreed to a stipulation to be submitted for Court's approval requesting until **February 21, 2020** to complete the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

    (a) Discovery will be needed on these subjects:
    (i) Plaintiffs' allegations of inducement, contributory and direct copyright infringement;
    (ii) Defendants' defenses to the allegation – particularly whether third parties uploaded the torrent files of Plaintiffs' Works to the YTS website;
    (iii) The identification of said third parties;
    (iv) Any other areas related to claims or defenses; and
    (v) The issues for discovery should change if other parties such as Defendants' users join this case.

    (b) The parties agree that all discovery shall be conducted in accordance with the Court's normal practice, the FRCP and the local rules.
    (c) The parties do not have any issues concerning disclosure of electronically stored information.
    (d) The date discovery closes shall be set at the scheduling conference.
    (e) As per FRCP 33, the maximum number of interrogatories by each party to another party shall be 25, including all discrete subparts. The answers will be due within 30 days after being served.
    (f) As per FRCP 36, there shall be no maximum number of requests for admission. The answers will be due within 30 days after being served.
    (g) As per FRCP 30, the maximum number of depositions permitted by each party shall be 10. The parties agreed that Plaintiffs will be able to conduct an additional preliminary deposition on the designated party of Defendants in addition to the deposition allowed per FRCP in order to identify persons in control of the router.
    (h) As per FRCP 30, depositions will be limited to 7 hours each.

    (i)    The date for the exchange of expert reports shall be set at the Scheduling Conference.

    (j)    The date for supplementations under Rule 26(e) shall be set at the Scheduling Conference.

    (k)    The parties agreed that all discovery requests and data can be served by email to opposing counsel if possible (Defendants via segaran@tutanota.com; Plaintiffs via kculpepper@culpepperip.com).

4. Other Items:

    (a)    The Parties do not wish to meet with the Court before the scheduling order.

    (b)    The date for the pre-trial conference shall be set at the Scheduling Conference.

    (c)    The final dates for the Plaintiffs to amend pleadings or to join parties shall be set at the Scheduling Conference.

    (d)    The final dates for the Defendants to amend pleadings or to join parties shall be set at the Scheduling Conference.

    (e)    The final dates to file dispositive motions shall be set at the Scheduling Conference.

    (f)    Parties have discussed settlement and will have further discussions. Plaintiffs wish to confirm whether uploading of Plaintiffs' Works was performed by third parties.

    (g)    Parties are unable, at this time to identify any alternative dispute resolution procedure that may enhance settlement prospects.

    (h)    The final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be set at the Scheduling Conference.

    (i)    The final dates to file objections under Rule 26(a)(3) shall be set at the Scheduling Conference.

    (j)    Parties estimate that this case can be ready for trial within 18 months of the Scheduling Conference

    (k)    The parties have discussed alternative dispute resolution options, including, without limitation, the option of participation in the court's mediation program.  Defendant is not open to arbitration.  The Parties are prepared to consider this matter further and discuss options at the Scheduling Conference.

    (l)    Because Defendant's answer is not due until after 1/31/2020, the parties jointly request that the scheduling conference be postponed for at least an additional 30 days to be a date subsequent to 2/6/2020.

Date:  November 12, 2019          /s/ Kerry S. Culpepper

Kerry S. Culpepper
Culpepper IP, LLLC
75-170 Hualalai Road
Suite B204
Kailua-Kona, Hawaii 96740
kculpepper@culpepperip.com
(808) 464-4047
*Attorney for Plaintiffs*

DATED: London, England, November 12, 2019.

Senthil Vijay Segaran, appearing pro se
and in behalf of Techmodo Limited as its
sole shareholder