CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC et al. | **Case No.: 1:19-cv-00169-LEK-KJM (Copyright)** |
| Plaintiffs, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| vs. | PLAINTIFFS' SECOND *EX PARTE* MOTION FOR ISSUANCE OF |
| NGUYEN DINH MANH et al. | GARNISHEE SUMMONS AFTER JUDGMENT |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' SECOND *EX PARTE* MOTION FOR ISSUANCE OF
GARNISHEE SUMMONS AFTER JUDGMENT

I.      INTRODUCTION

Plaintiffs/Judgment Creditors Venice PI, LLC, MON LLC, Millennium

Funding, Inc., Bodyguard Productions, Inc., TBV Productions, LLC, UN4

Productions, Inc., and Hunter Killer Productions, Inc. ("Plaintiffs") filed a first *Ex*

*Parte* Motion for issuance of a garnishee summons ("First Motion") [Doc. #79] on

August 28, 2020.  On September 18, 2020, the Court issued an EO [Doc. #80] denying Plaintiffs' First Motion without prejudice for *inter alia* failing to comply with LR 7.10 and there appearing to be no reason for Plaintiffs to seek the requested relief on an *ex parte* basis.  As explained below, Plaintiffs have a reasonable belief based upon factual underpinnings that Paypal is in possession of funds of Defendant Nguyen Dinh Manh ("Defendant").

II.     LEGAL STANDARD

Rule 69(a)(1) of the *Federal Rules of Civil Procedure* provides that a money judgment is enforced by a writ of execution and that procedure in aid of judgment or execution must accord with the procedure of the state where the court is located. *See* Fed. R. Civ. P. 69(a)(1).

Section 652-1(a) of Hawaii revised statutes defines a "garnishee" as including an attorney, agent, factor, or trustee in possession of any goods or effects of a debtor or any person having possession for safekeeping any moneys of the debtor.  *See* H.R.S. § 652-1(a).

Section 652-1(b) of Hawaii revised statutes provides that "…the creditor may, after judgment rendered in the creditor's favor, request the court to summon any garnishee to appear personally, upon a day appointed in the summons for hearing the cause as against the garnishee, and make full disclosure..." H.R.S. § 652-1(b).

III.     ARGUMENT

A.    Paypal is a Garnishee of Defendant as defined in H.R.S. § 652-1(a).

Choopa, LLC (the host provider Defendant used to host his websites) stated that Defendant used Paypal as his method of payment.  Namesilo, LLC (the registrar Defendant used to register his website domain names) stated that Defendant used Paypal as his method of payment for registering his domain names APICODES.COM among others.  Defendant accepts Paypal as a method of payment at his website APICODES.COM.  *See* Decl. of Counsel at ¶¶10-12.  Accordingly, Plaintiffs' counsel has documented evidence from third parties that Paypal holds his funds and is therefore a Garnishee.

B.   A statement by Plaintiffs' counsel that he is informed and believe that Garnishee(s) is indebted to Defendant is sufficient to establish that Paypal is a Garnishee.

Plaintiffs' counsel is informed and believes that Garnishee Paypal is indebted to Judgment Debtor or is holding moneys or goods or effects of Judgment Debtor for safekeeping, or is paying to Judgment Debtor salaries, stipends, commissions, wages, annuities, or net income or portions or net income under a trust. *See* Id at ¶13. Plaintiffs' counsel makes the exact statement provided by the Hawaii state courts in the form (Form #1DC29) for an *Ex Parte* Motion for Issuance of Garnishee Summons After Judgment.  *See* pg. 2, #6 of Exhibit of "B" ("I am informed and believe that Garnishee(s) is indebted to Judgment Debtor(s)…").  Because Rule

69(a)(1) provides that the procedure must accord with the procedure of the state where the court is located (*see* Fed. R. Civ. P. 69(a)(1)), it logically follows that using the language prescribed by the Hawaii state court forms for a motion for garnishee summons should be in accord with the Hawaii procedure.  Indeed, this is the same language used by counsel for judgement creditors who sought garnishee summons before this honorable Court. *See, e.g., Trustees of the Hawaii Laborers' Trust Funds, et al. v. Langoia NISA, et al.*, 1:20-cv-00200-JMS-KJM, June 22, 2019 Declaration of Ashley K. Ikeda [Doc. #13-1] at ¶8 ("Declarant is informed and believes that said GARNISHEE is in receipt of, or will receive and be in possession of funds, salary, stipends, commission, or wages belonging and owing to Defendant LANGOIA NISA, individually, and doing business as NISA CONTRACTOR, and LEOLA NISA").  In *Trustees of the Hawaii Laborers' Trust Funds*, the Garnishee Summons was promptly issued on June 25, 2019, three days later from the Judgment Creditor's *Ex Parte* motion.

Similarly, the Appellate Court in *Rosales v. Duell* found no issue with the Circuit Court granting Plaintiff's *Ex Parte* Motion for Issuance of Garnishee Summons After Judgment, which was supported by a declaration attached to the motion in which Plaintiff's counsel stated that Defendant's "…financial institutions might have [Plaintiff's] 'goods and/or effects and/or moneys in their possession for safekeeping.'" *Rosales v. Duell*, 117 Hawai'i 44, 45, 175 P.3d 154, 155 (Haw. Ct.

App. 2008) (citing Plaintiff's Motion). Indeed, simply the possibility of the Defendant's assets in their financial institution was enough to grant Plaintiff's motion.  Here, Plaintiffs exceed the minimal burden required in *Rosales*.

IV.    CONCLUSION

Accordingly, because Paypal is a Garnishee per H.R.S. § 652-1, Plaintiffs respectfully request that the Court issue the Garnishee Summons.

DATED: Kailua-Kona, Hawaii, October 20, 2020.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs