CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs
Venice PI, LLC et al.
MON LLC,
Millennium Funding, Inc.,
Bodyguard Productions, Inc.,
TBV Productions, LLC,
UN4 Productions, Inc., and
Hunter Killer Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC et al., | **Case No.: 1:19-cv-169-LEK-KJM** |
| Plaintiff, | (Copyright) |
| vs. | GARNISHEE SUMMONS |
| NGUYEN DINH MANH et. al. | |
| Defendants. | |
| and | |
| Paypal Inc., | |
| 1136 Union Mall, Ste 301 | |
| Honolulu, Hawaii 96813 | |
| Garnishee | |

1

# GARNISHEE SUMMONS

**TO: ANY OFFICER IN HAWAI'I AUTHORIZED TO MAKE SERVICE**

You are COMMANDED to leave a true and attested copy of this Summons and Order with each above named Garnishee(s).

GARNISHEE: PAYPAL, INC.
1136 UNION MALL STE 301
HONOLULU, Hawaii 96813
UNITED STATES

**TO: GARNISHEE(S):**

You, as Garnishee(s), are SUMMONED and required to appear personally before the Honorable Kenneth J. Mansfield, United States Magistrate Judge of the United States District Court for the District of Hawaii, 300 Ala Moana Blvd. Honolulu, Hawaii 96850 at 11:30 a.m. on January 5, 2021. If you are a Federal Agency, you have thirty (30) days to respond. (5 U.S.C. §5520a(d)).

**OR** you may instead file a written disclosure in the above-entitled Court, and send a copy of it to Plaintiff(s) or Plaintiff(s)' attorney regarding Defendant NGUYEN DINH MANH who is owner and/or controlling party of a Paypal Account(s) by names of including but not limited to one or more of:

truthsupreme368@gmail.com;

payment@apicodes.com;

justyousmileme@gmail.com;

helloworld1472000@yopmail.com; and/or

2

admin@thispc.net.

Your disclosure **must** be made under Oath. It **must** state whether you have, or at the time of service:

    a. Had any of the goods or effects of the Defendant(s) in your hands and, if so, their nature, amount and value.

**OR**

    b. Were or are indebted to the Defendant(s) and, if so, the nature and the amount of the debt.

**OR**

    c. Defendant(s) was in receipt from you of any salary, wages, commissions, stipend, annuity, net income or a portion of net income under a trust and, if so, the amount or rate thereof.

In accordance with the United States District Court for the District of Hawaii's latest Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency and the Order Authorizing the Use of Telephonic and Video Hearings, due to the ongoing COVID-19 pandemic and public health emergency, including the anticipated long term need to maintain certain social distancing and other measures intended to protect the public, court employees, and counsel from being exposed to the COVID-19 virus, while at the same time regulating civil matters in a manner consistent with equity and fairness, the hearing

will be held telephonically. Parties are to participate via telephone through our AT&T Service. Call-in information for this conference is below. Parties must connect to the conference at least five (5) minutes prior to the scheduled start time of the hearing.

Dial in number is 1-877-848-7030

Access Code is 2123668

You, as Garnishee (s), are **ORDERED** to hold and secure from the time of service of this Summons, and until further ordered by the Court an amount of money which shall not exceed 120% of the amount of the judgment indicated above, including costs and interest, as provided by Hawai'i Revised Statutes §652 & §653.

\***SEE FEDERAL WAGE GARNISHMENT LAW FOR APPLICABLE RESTRICTIONS**. **(Attached form entitled "Garnishee Information")**

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

**Hawai'i Revised Statutes §652-9. GARNISHEE MAY BE HEARD ON NOTICE TO PLAINTIFF.**

Whenever any person summoned as a garnishee may be desirous of so doing, the person may apply to the district judge or any judge of the Court from which the summons may have issued, and the judge having caused reasonable notice to be

given to the Plaintiff in action, shall proceed to take the deposition of the person thus summoned, and make such order as may be proper in the premises, at any time previous to the date appointed for hearing the cause, and the person summoned as garnishee, shall be taken to have obeyed the summons.

If it appears that there are conflicting claims to any moneys held for safekeeping, debt, goods, or effects in the garnishee's hands, any time after the summons is served the garnishee may be permitted upon order of the judge to pay into the Court any moneys held for safekeeping, debts, goods, or effects in the garnishee's hands, less any reasonable costs and attorney's fees allowed by the judge and the garnishee will thereupon be discharged.

With or without payment into Court, any garnishee may, where there are conflicting claims to any moneys held for safekeeping, debt, goods, or effects in the garnishee's hands of any amount, make application for an interpleader order and the judge shall thereupon make all orders as appear to be just and reasonable.

## COURT DATE AND ADDRESS

United States District Court for the District of Hawaii, 300 Ala Moana Blvd. Honolulu, Hawaii 96850 on January 5, 2021, ~~2020~~ at 9:30 am.

DATED: Honolulu, Hawaii, November 12, 2020

Clerk, Michelle Rynne, Clerk.

Deputy Clerk, Michelle Rynne, Clerk by EA, Deputy Clerk.



*Venice PI, LLC, et al. v. Nguyen Dinh Manh, et al*; Case No. 1:19-cv-00169-LEK-KJM, **GARNISHEE SUMMONS**

## GARNISHEE INFORMATION

Form# 3DC27

### NOTICE TO THE DEBTOR

PLEASE TAKE NOTICE that a garnishee summons has been served upon your employer (who is called the "garnishee") **without any further court proceedings or notice to you**. The garnishee summons was issued on the basis of a judgment against you in favor of the judgment creditor.

The amount of wages that may be garnished is limited by federal and Hawai'i law. Therefore, some or all of your wages are exempt from garnishment. If your wages are garnished, you may request that your employer show you how the amount garnished was calculated.

If you claim the garnishment is incorrect you also have a right to request a hearing. In order to request a hearing, you must follow the procedures set forth in the rules of this Court and in Hawai'i Revised Statutes § 652-1(d).

### NOTICE TO THE GARNISHEE

Wages of your employees may be subject to garnishment when you are served with a Motion for Issuance of Garnishee Summons After Judgment or Declaration of Judgment Creditor for Garnishment of Wages. If you are served with a Garnishee Summons, you, as the garnishee, are required to begin withholding immediately a part of your employee's wages (including any salary, stipend, commission, annuity or net income or portion of net income under a trust). The money you withhold must then be paid to the judgment creditor (the person or business who is owed the money) or the judgment creditor's attorney **after** you receive the garnishee order, which will be sent to you. If you are served with a Declaration of Judgment Creditor, you must begin paying the required portion of the garnished wages to the judgment creditor or the judgment creditor's attorney immediately.

### Making a Disclosure

State law allows, but does not require, you to make a disclosure after you are served. If you choose to make a disclosure, you may appear in Court or file with the Court a statement (form available from the Court) stating whether the judgment debtor is: (1) your employee; and (2) whether you have any money which is due to the judgment debtor that can be garnished. *If you do not make a disclosure, it will be assumed that the judgment debtor is your employee and you will be required to comply with the Garnishee Summons and Order or the Declaration of Judgment Creditor.*

### Amounts To Be Withheld

The amount of wages that may be deducted is limited by federal and Hawai'i law. Therefore, you must calculate the amount of wages to be withheld in accordance with either federal or Hawai'i law. **IMPORTANT: YOU MUST USE THE CALCULATION THAT IS MOST FAVORABLE TO YOUR EMPLOYEE**. A Garnishment Calculation Worksheet, Form# 3DC27C, is available if you need assistance with your calculation.

**Calculation Pursuant to Hawai'i Law**: According to Hawai'i Revised Statutes Chapter 652, the amount to be withheld from your employee's wages is calculated as follows:

(1) You must first calculate **the amount of wages remaining after the deduction of any amounts required by law to be withheld**.
(2) From that amount, you must withhold five percent of the first $100 per month, ten percent of the next $100 per month, and twenty percent of all sums in excess of $200 per month, or an equivalent portion of the above amount per week.

**Calculation Pursuant to Federal Law**: According to Title III of the Consumer Credit Protection Act (15 U.S.C. § 1673), the amount to be withheld from your employee's wages is calculated as follows:

(1) You must first calculate your employee's **DISPOSABLE EARNINGS** for the applicable pay period. The term **"DISPOSABLE EARNINGS"** is defined as compensation paid or payable for personal services **after deducting any amounts required to be withheld by law** (such as taxes). The amount of Disposable Earnings subject to garnishment is determined by the restrictions that are in effect at the time such earnings are paid or payable.
(2) From the **DISPOSABLE EARNINGS**, you must withhold an amount for the applicable pay period as follows:

EFFECTIVE JULY 24, 2009

| Weekly | Bi Weekly | Semi Monthly | Monthly |
|---|---|---|---|
| $217.50 or less: None | $435.00 or less: None | $471.25 or less: None | $942.50 or less: None |
| More than $217.50 but less than $290.00: Amount above $217.50 | More than $435.00 but less than $580.00: Amount above $435.00 | More than $471.25 but less than $628.33: Amount above $471.25 | More than $942.50 but less than $1,256.67: Amount above $942.50 |
| $290.00 or more: Maximum 25% | $580.00 or more: Maximum 25% | $628.33 or more: Maximum 25% | $1,256.67 or more: Maximum 25% |

**Example**: Employee's gross pay is $310.00 per week, $233.68 "disposable" after taxes and other deductions required by law.

>Hawai'i Calculation: The amount to be withheld under Hawai'i law is based on monthly disposable earnings of $1,012.61. Of this amount, 5% of the first $100, 10% of the second $100, and 20% of the remaining $812.61, should be withheld monthly, for a total of $177.52 per month.

>Federal Calculation: The amount to be withheld weekly under federal law is either the amount of disposable earnings over $217.50 ($11.28), **or** 25% of disposable earnings if they are more than $262.00, for a total of $16.18 per week or $70.11 per month.
>  [$233.68 - $217.50 = $16.18 x 52/12 = $70.11]

>Amount to be Withheld: Because the federal calculation is more favorable to the employee, $70.11 per month, or $16.18 per week, must be withheld.

**Example**: Employee's gross pay is $350.00 per week, $267.00 "disposable" after taxes and other deductions required by law.

>Hawai'i Calculation: The amount to be withheld under Hawai'i law is based on monthly disposable earnings of $1,157.00 ($267.00 x 52/12). Of this amount, 5% of the first $100, 10% of the second $100, and 20% of the remaining $957.00, should be withheld monthly, for a total of $206.40 per month.
>  [$5.00 (5% x 1st $100.00) + $10.00 (10% of 2nd $100.00) + $191.40 (20% of remaining $957.00) = $206.40]

>Federal Calculation: The amount to be withheld weekly under federal law is **either** the amount of disposable earnings over $217.50, or 25% of disposable earnings if they are more than $290.00, for a total of $49.50 per week or $214.50 per month.
>  [$267.00 - $217.50 = $49.50 x 52/12 = $214.50]

>Amount to be Withheld: Because the Hawai'i calculation is more favorable to the employee, $206.40 per month must be withheld.

## Other Information

The law prohibits an employer from discharging any employee because the employee's wages have been subjected to garnishment.

An employer's obligation to withhold is continuing. If there is a period where the employee has not earned sufficient income, you must begin to withhold again as soon as the earnings of your employee increase sufficiently.

**Prior to making the final payment, you should contact the judgment creditor or the judgment creditor's attorney to obtain the final payoff, amount which may include additional interest as allowed by law.**

